G. B. CARDON v. W. R. McCONNELL.

*Action for Damages—Slander of Title—Malice.*

An action for damages for slander of title cannot be maintained unless the plaintiff shows the falsity of the words published or spoken, the malicious intent with which they were uttered and a pecuniary loss or injury to himself.

CIVIL ACTION, for damages for slander of plaintiff's title, whereby he lost an opportunity to make an advantageous sale of land, tried before *Bryan*, *J.*, and a jury, at Fall Term, 1896, of CLAY Superior Court. On the trial, and after the plaintiff's evidence was closed, his Honor intimated that plaintiff could not recover and plaintiff took a non-suit and appealed.

*Mr. J. W. Cooper*, for plaintiff (appellant).
*Messrs. MacRae & Day*, for defendant.

FAIRCLOTH, C. J.: This action is for slandering title to real property. The plaintiff alleges that he had title and had negotiated a good sale when the defendant interfered and falsely and maliciously misrepresented the plaintiff's title, and on that account the plaintiff's sale failed and he was damaged. The defendant averred that he had an interest in the land; that he, in good faith, asserted his claim and sold his interest to another party. The deed, relied

upon as divesting the defendant's interest in the land, contains these words in the *habendum* clause: "To have and to hold to the said Ledford, his heirs and assigns forever, together with all the woods, waters and *one-half* of the minerals, &c."

At the close of the plaintiff's evidence the court held that he could not recover, among other reasons, because there was not sufficient evidence to sustain the second issue, which was in these words: "Did the defendant falsely and maliciously interfere with the plaintiff's sale to A. H. Isbell or his assigns and falsely and maliciously slander the plaintiff's title as alleged?" We express no opinion on the title, as the case turns upon the sufficiency of the evidence in support of the second issue.

Slander of title of property may be committed and published orally or by writing, printing or otherwise, and the gist of the action is the special damage sustained, and unless the plaintiff shows the falsity of the words published, the malicious intent with which they were uttered, and a pecuniary loss or injury to himself, he cannot maintain the action. If the alleged infirmity of the title exists, the action will not lie, however malicious the intent to injure may have been, because no one can be punished in damages for speaking the truth. It is essential to the action that the words be maliciously uttered and with intent to injure, and the burden of proving such malice, express or implied, rests upon the plaintiff. If he can show that the utterances were not made in good faith to assert a real claim of title, or facts and circumstances that warrant such an inference, then malice may be fairly implied.

If the defendant should assert title to the property in question or to some interest therein, which turned out to be unfounded, malice will not be presumed from such a fact, because malice must be shown as a substantive fact. It is

the duty of one, believing that he has such a claim or interest, to proclaim and assert it when a sale is in contemplation by another, in order that innocent persons may not be deceived or misled to their injury.   If one be inquired of, he must speak the truth as he understands it and believes it to be.   If he is present at a public sale of property claimed by himself, he must speak for the protection of purchasers or he will be forever estopped.   If, at last, upon investigation, the defendant fails to show any title or interest in possession or in remainder, still, if his acts were done in good faith at the time he spoke, no action will lie. The plaintiff, claiming damages, must show malice—that there was no probable cause for the defendant's belief— that he could not honestly have entertained such belief. The prevention of a sale by the assertion of a claim by A, although unfounded, is not actionable unless it be knowingly bottomed on fraud.   4 Rep. 18; 4 Burr, 2422.   On this subject generally see Townsend on Slander and Libel. Isbell, who contracted with the plaintiff, refused to complete his contract because his principal doubted the title and was so advised by counsel.

Looking carefully at the evidence, we agree with his Honor that there was not evidence of falsehood and malice sufficient to be submitted to the jury.

Affirmed.