THE TEXAS COMPANY v. I. FRANK HOLTON (ORIGINAL PARTY DEFENDANT), AND COASTAL OIL COMPANY (ADDITIONAL PARTY DEFENDANT).

(Filed 20 October, 1943.)

1. Pleadings § 15: Landlord and Tenant § 14—

In an action between plaintiff and defendant for the recovery of premises leased by defendant to an oil company, which transferred and assigned the lease, without warranty, covenant, or assurance of possession, to plaintiff, an amended complaint against the oil company, which was made a party, containing an allegation that the company's president told the other

defendant that the lease had not been assigned, without any allegation of collusion, is demurrable as not stating a cause of action.

**2. Slander of Title § 2b—**

An allegation that one defendant represented and claimed to a co-defendant that it had never assigned the lease, in suit between the parties, to plaintiff and that the plaintiff had no right to the possession of the property therein, does not state a cause of action for slander of title.

APPEAL by plaintiff from *Stevens, J.,* at May Term, 1943, of CRAVEN. Affirmed.

The demurrer of defendant Coastal Oil Company to the amended complaint was sustained, and plaintiff appealed.

*Wm. Dunn and R. E. Whitehurst for plaintiff, appellant.*
*L. I. Moore for defendant, appellee.*

DEVIN, J. The plaintiff appealed from the judgment below sustaining the demurrer of the Coastal Oil Company to the amended complaint. From the pleadings it appears that plaintiff instituted its action for the recovery of certain premises wrongfully taken and withheld by defendant Holton, alleging that the lease thereon executed by Holton to the Coastal Oil Company had been assigned to the plaintiff by the Oil Company. Defendant Holton, answering, denied that a valid assignment of the lease had been made to the plaintiff by the Coastal Oil Company, and filed a counterclaim for damages to the property while plaintiff was in possession. Upon motion of the plaintiff the court entered an order making Coastal Oil Company party defendant, and the plaintiff filed an amended complaint alleging the assignment of the lease on the property to it by the Oil Company, and further that the president of the Oil Company had represented to defendant Holton that the lease on the premises had not been assigned to the plaintiff, and that in consequence of this representation Holton wrongfully took possession of the property. Plaintiff also alleged that the assignment of the lease contained assurance to plaintiff, assignee, of the use and occupancy of the property for the term of the lease, and plaintiff called upon the Oil Company to defend and save harmless the plaintiff from the tortious acts of Holton. Plaintiff asked that it recover judgment against defendant Oil Company for the damage and expense it may suffer by reason of the counterclaim of Holton.

However, the written and recorded assignment of the lease by defendant Oil Company to the plaintiff, which was asked to be taken as a part of the complaint, recites merely that the lease executed by Holton to the Oil Company was thereby transferred and assigned to the plaintiff,

without further stipulation, save as to the rent.   No warranty, covenant or assurance of possession appears.

It also appears from plaintiff's pleadings that it based its action against Holton upon the validity of the assignment of the lease to it by the defendant Oil Company.   It alleged that Holton had wrongfully resumed possession of the premises without its knowledge or consent, or that of the Oil Company, and in its reply to Holton's cross action the validity of the assignment, and of the Oil Company's right to assign, were again asserted.

We think the defendant Oil Company's demurrer to the amended complaint, on the ground that it fails to state facts sufficient to constitute a cause of action against the Oil Company, was properly sustained.   If the plaintiff succeeds in its action against Holton, and establishes its right to the possession of the property as assignee of the lease, it has no cause of action against the assignor.   Likewise, in the present status of the pleadings, it may not be permitted to maintain an action based upon its anticipatory failure to uphold the validity of the assignment, in the absence of obligation on the part of the Oil Company to defend.

The allegation in the amended complaint that defendant Oil Company's president had represented to Holton that the lease had not been assigned, standing alone, would not be sufficient to save the pleading from the demurrer.   There is no allegation of collusion between the Oil Company and Holton.   On the contrary, their interests appear antagonistic, and it was stated in the argument that an action between them was now pending, relative to the rents on this property.

The plaintiff's contention that the complaint states a cause of action against the Oil Company for slander of title cannot be sustained.   The allegation that defendant through its president "represented and claimed to defendant Holton that it had never assigned said lease to the plaintiff, and that the plaintiff had no right to the possession of the property," cannot be held sufficient to set out a cause of action for malicious defamation of title.   *Cardon v. McConnell,* 120 N. C., 461, 27 S. E., 109; *McElwee v. Blackwell,* 94 N. C., 261; 129 A. L. R., 179 (annotation); 33 Am. Jur., 313.

The judgment sustaining the demurrer of defendant Coastal Oil Company is

Affirmed.