CLIFTON T. WHYBURN v. H. ROSS NORWOOD AND WIFE, STELLA G. NORWOOD; RONALD BENOIT; NANCY R. ROBINSON; JUDY R. HARRIS; JOSEPH C. PHILLIPS AND WIFE, TERESA A. PHILLIPS; ROBERT E. TIBBS, SR., AND WIFE, CAROLE R. TIBBS; TIMIR BANERJEE AND WIFE, RITA MARIE BANERJEE; KENNETH W. WATERS AND WIFE, LILA C. WATERS; REGINE NAUMAN HAYES AND HUSBAND, TED W. HAYES; REX E. BROOKS AND WIFE, CAROLYN L. BROOKS; MARY C. WIENTJES; DANIEL A. O'NEAL AND WIFE, JACKIE W. O'NEAL; DYAL JEAN WEAVER; DAVID W. HOLMES AND WIFE, KATHLEEN M. HOLMES; PIERRE MORELL AND WIFE, BONNIE B. MORELL; THE GUARANTY STATE BANK, A NORTH CAROLINA CORPORATION; THE CENTRAL CAROLINA BANK AND TRUST COMPANY, A NORTH CAROLINA CORPORATION

No. 7915SC1175

(Filed 17 June 1980)

1. **Process § 19; Lis Pendens § 1— entire subdivision included in lis pendens – portion of subdivision involved in litigation – no abuse of process**

    Plaintiff's filing of notice of lis pendens which included defendant's entire subdivision did not constitute abuse of process where plaintiff brought an action to remove a cloud on his title to lands constituting a portion of a subdivision which was being developed by defendants; a careful attorney examining title to the lands described in the notice of lis pendens would examine the civil action to which it referred and would identify the exact area which was the subject of pending litigation; if plaintiff prevailed in his lawsuit, it would be proper to remove all restrictive and protective covenants of record affecting plaintiff's property; and the notice of lis pendens was not abusive in calling the pending suit to the attention of prospective purchasers in the subdivision.

2. **Lis Pendens § 1; Malicious Prosecution § 6 – removal of lis pendens from portion of land – appeal dismissed as premature – no termination of action – no malicious prosecution**

    Plaintiff's filing of notice of lis pendens did not constitute an act of malicious prosecution where the trial judge removed notice of lis pendens

from all areas of defendants' subdivision other than the lands specifically described in plaintiff's complaint; plaintiff gave notice of appeal; the appeal was dismissed as interlocutory and premature; there was thus no termination of a former claim favorable to defendants; and defendants' claim of malicious prosecution was therefore premature.

3. **Lis Pendens § 1; Slander of Title § 1– filing of lis pendens – insufficient evidence of damages – no slander of title**

There was no merit to defendants' contention that filing of plaintiff's notice of lis pendens constituted an injurious falsehood or slander of title, since G.S. 1-116 requires the filing of a separate independent notice (lis pendens) if the public is to be advised of pending litigation in certain types of suits involving real property; the record failed to reveal the name of any person who refused to do business with defendants because of the filing of the lis pendens and the complaint; and allegations by defendant developers that inquiries from prospective purchasers decreased after filing of lis pendens and that the general public had been deterred from dealing with defendants were inconclusive and insufficient to show that their alleged damages were proximately caused by the filing of the complaint and lis pendens.

APPEAL by the defendants from *Battle, Judge.* Order entered 6 August 1979 in Superior Court, CHATHAM County. Heard in the Court of Appeals 20 May 1980.

This is a civil action by which plaintiff seeks to quiet title to lands in Baldwin Township, Chatham County. The defendants Norwood are real estate developers and the owners of a large subdivision known as "River Forest." Plaintiff is an adjoining property owner.

The Norwoods filed a plat of their subdivision in Chatham County along with restrictive and protective covenants restricting use of the land described in the plat. Subsequently, plaintiff filed suit alleging the plat of the defendants was prepared from an erroneous survey, included lands belonging to plaintiff, and that the restrictive and protective covenants restrict the use of the plaintiff's land. Simultaneously with the filing of the complaint, plaintiff filed a notice of lis pendens pursuant to the provisions of G.S. 1-116.

On 31 May 1977, defendants Norwood moved to have the notice of lis pendens canceled as to all portions of "River Forest" except as it applied to those areas for which ownership was in dispute. (This appears to include only about 10 of the

approximately 318 acres in the subdivision.) This motion was allowed on 30 June 1977. Plaintiff appealed to this Court, but the Court found the appeal to be interlocutory and premature. *See Whyburn v. Norwood* and *Strowd v. Norwood*, 37 N.C. App. 610, 246 S.E. 2d 540 (1978).

In their seventh defense and counterclaim, defendants Norwood allege the notice of lis pendens is illegal, unreasonable and false, and that filing of the notice of lis pendens exceeds statutory authority and has given rise to what this Court concludes is a counterclaim based on (1) abuse of process; (2) malicious prosecution; and (3) slander of title.

Plaintiff's motion for summary judgment on the counterclaim was allowed, and defendants appealed.

*Epting, Hackney & Long, by Joe Hackney, for plaintiff appellee.*

*Gunn & Messick, by Paul S. Messick Jr. and Billy C. Hamlet, for defendant appellants.*

HILL, Judge.

The question on appeal is whether the trial court erred by granting plaintiff's motion for summary judgment dismissing the defendants Norwoods' counterclaim. The issue raises at least three questions of law which must be addressed by this Court, all of which derive their thrust from the lis pendens, filed in this cause.

G.S. 1-116(a) provides that, "[A]ny person desiring the benefit of constructive notice of pending litigation must file a separate, independent notice thereof, which notice shall be cross-indexed in accordance with G. S. 1-117 in the following cases: (1) Actions affecting title to real property."

Plaintiff's right to file the lis pendens is unquestioned. Defendants contend, however, that by including the entire subdivision, plaintiff's filing constitutes a misuse of a legal process for an ulterior purpose, and that this misuse was recognized by

the trial judge when he allowed the defendants' motion to remove the lis pendens from the unaffected area. Plaintiff replies that his appeal was dismissed as being interlocutory only, and that the issue is yet to be decided. Plaintiff further points to the language in the notice of lis pendens which shows that not all of "River Forest Subdivision" is intended to be covered in the lawsuit but rather that "Plaintiff will show that a portion of 'River Forest' lands along the western border thereof as shown on the said survey, are owned in fee simple by plaintiff, and that none of the named defendants have any interest or estate therein nor any right to restrict the use thereof."

[1] The first question presented is whether the filing of the notice of lis pendens on 31 March 1979 constituted an abuse of process.

> An abuse of process is some unlawful use of the process for the accomplishment of some end foreign to the purpose for which it may be issued.

*Carpenter v. Hanes,* 167 N.C. 551, 554, 83 S.E. 577, 579 (1914).

> It consists in the malicious misuse or misapplication of that process *after issuance* to accomplish some purpose not warranted or commanded by the writ. It is the malicious perversion of a legally sound process whereby a result not lawfully or properly obtainable under it is attempted to be secured. (Citations omitted.)

*Melton v. Rickman,* 225 N.C. 700, 703, 36 S.E. 2d 276 (1945).

The notice of lis pendens and complaint were filed 31 March 1977. The complaint describes with particularity in paragraph 5 the area of ownership in dispute and the adverse claims imposed by the restrictive and protective covenants upon all lot owners in the entire subdivision. The notice of lis pendens clearly states that the purpose of the action is to remove a cloud on plaintiff's title to lands constituting a portion of River Forest Subdivision *along the western border* thereof. A careful attorney examining title to the lands described in the notice of lis pendens would examine the civil action to which it refers and

would identify the exact area which is the subject of the pending litigation.

Restrictive and protective covenants are classed as negative easements and affect title to real estate. We do not have the covenants before us, but apparently they apply to all of the lots in River Forest Subdivision, including the lands claimed by the plaintiff. Enforcement is generally left to the lot owners in the subdivision. If the plaintiff prevails in this suit, it will be fitting at that time to remove all limitations of record affecting plaintiff's property. It is apparent that plaintiff's complaint seeks this result, and that the notice of lis pendens is not abusive in calling the pending suit to the attention of prospective purchasers.

On 30 June 1977 the trial judge defined the lands which are the subject of this controversy with greater particularity and excluded areas of River Forest Subdivision from the provisions of the notice of lis pendens. Such removal clarifies the subject of controversy and makes easier an understanding of the matter, but does nothing more. Therefore, we conclude the appellants have failed to state a claim or to raise any genuine issue of material fact as to the tort of abuse of process.

[2] Next, the appellants contend the filing of the notice of lis pendens constituted an act of malicious prosecution. We do not agree.

To sustain an action for malicious prosecution, the plaintiff [defendants in the instant case] must show malice, want of probable cause, and the favorable termination of the former proceeding.

*Melton v. Rickman, supra,* at p. 703; *Miller v. Greenwood,* 218 N.C. 146, 10 S.E. 2d 708 (1940); *Carpenter, supra.*

When the trial judge removed the notice of lis pendens from all areas other than the lands specifically described in the plaintiff's complaint, plaintiff gave notice of appeal. That appeal was dismissed as being interlocutory and premature. *Whyburn, supra.* The question is yet to be litigated. Thus, defendants' cause

for malicious prosecution is premature. There has been no termination of a former claim favorable to them. *Reichler v. Tillman,* 21 N.C. App. 38, 203 S.E. 2d 68 (1974). Plaintiff has retained his right of appeal.

**[3]** Finally, we are not impressed with the defendants' contention that filing of the notice of lis pendens constituted an injurious falsehood or slander of title. Slander of title occurs when one publishes matter derogatory to the title to real property with the malicious intent to injure the owner thereof and which in fact does cause injury. *Cardon v. McConnell,* 120 N.C. 461, 27 S.E. 109 (1897).

Defendants allege the notice of lis pendens is "illegal, unreasonable and false," and that it exceeds the authority contained in and is implicitly forbidden by G. S. 1-116. We do not read the statute as having this effect. In fact, G. S. 1-116 *requires* the filing of a separate independent notice (lis pendens) if the public is to be advised of pending litigation in certain types of suits involving real property. The complaint is the underlying source of claim, not the notice of lis pendens.

It is well established in North Carolina that one "... who wantonly, maliciously, [and] without cause, commences a civil action and puts upon record a complaint and *lis pendens* for the purpose of injuring and destroying the credit and business of another, whereby that other suffers damage must be liable for the legal consequences." *Estates v. Bank,* 171 N.C. 579, 88 S.E. 783 (1916). We have examined the record in general and the interrogatories directed to the defendants, together with their answers and fail to find the name of any specific person who has refused to do business with the defendants because of the filing of the lis pendens and the complaint. Defendants in their answer to the interrogatories make charges that inquiries from prospective purchasers have decreased since filing of the lis pendens, and the general public has been deterred from dealing with them. They further conclude that their character has been damaged. These charges are inconclusive. There is no evidence that defendants' alleged damages were proximately caused by the filing of the complaint and lis pendens. Neither do we find any evidence of malice on the part of the plaintiff.

The defendants have failed to state a claim or raise any genuine issue of fact with respect to the tort of slander of title.

For the reasons set out above, we conclude that the action of the trial court in granting plaintiff's motion for summary judgment should be

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.