BERNICE SELBY v. J. T. TAYLOR AND ZACHARY TAYLOR

No. 812SC380

(Filed 4 May 1982)

**1. Slander of Title § 1— sufficiency of complaint**

Plaintiff's complaint was sufficient to allege a claim for relief for slander of title where it alleged that defendants, in a writing, advised that one defendant owned lands claimed by plaintiff which were to be sold at public auction; the statement in the paper writing was known by defendants to be false and was made maliciously; the paper writing was read at the sale of the property; as a result thereof, potential buyers, including a paper company, were discouraged from bidding, and the sale was chilled; and as a result of the chilling of the sale, plaintiff suffered a loss of $20,000.

**2. Slander of Title § 1— applicable statute of limitations**

The thrust of the tort action of slander of title is the interference with a prospect of sale of real property or interference with a proprietary right. Therefore, the three-year statute of limitations of G.S. 1-52(3) "for trespass upon real property" applies to such an action rather than the one-year limitation period of G.S. 1-54(3) applicable to actions for personal slander and libel.

APPEAL by plaintiff and defendants from *Reid, Judge*. Order entered 4 February 1981, Superior Court, HYDE County. Heard in the Court of Appeals 18 November 1981.

Plaintiff instituted this action on 12 January 1979. The complaint alleged that plaintiff formerly owned a tract of land in Hyde County, but lost title to the land by virtue of foreclosure by the trustee under a deed of trust given by plaintiff to secure an indebtedness to Work Production Credit Association. Further, defendant Zachary Taylor, acting as agent for defendant J. T. Taylor, had "published a paper writing" dated 16 April 1976, stating that he, Zachary Taylor, was the owner of the land and any person bidding on the land would do so at their peril. Copies of the paper writing were sent to the clerk, to the trustee, and to the holder of the indebtedness. Plaintiff alleged that the contention made in the paper writing was false, that defendant knew it was false and made the statement maliciously and fraudulently. The statement was read by the trustee to potential buyers at the sales of the land. Buyers, including Weyerhaeuser Corporation, were discouraged from bidding, and the sale was chilled. Plaintiff seeks $20,000 damages as result of the chilling of the sale and $100,000 punitive damages.

Defendants answered, denying the material allegations, and pleading the statute of limitations.

Defendants moved, under Rule 12(b)(6), for dismissal of the complaint for failure to state a cause of action based on their defense of the statute of limitations. The court denied that motion on the ground that the complaint did not sound in libel or slander within the purview of G.S. 1-54(3). The court allowed the motion of defendants to dismiss under Rule 12(b)(6) on the ground that the complaint did not state a cause of action upon which relief could be granted.

Plaintiff appeals from the order dismissing the action and defendants have excepted to and cross assigned as error the court's action in denying their motion based upon the statute of limitations.

*Wilkinson and Vosburgh, by John A. Wilkinson and Steven P. Rader, for plaintiff appellant.*

*Henderson and Baxter, by David S. Henderson and Carl D. Lee, for defendant appellees.*

MARTIN (Harry C.), Judge.

### Plaintiff's Appeal

[1]  The court, in allowing defendants' Rule 12(b)(6) motion for dismissal, ruled that plaintiff's complaint did not state a cause of action. We disagree. The complaint sufficiently alleges a cause of action for slander of title.

> The nature of the action for slander of title is peculiar, being based upon a defamatory attack upon property. It has little in common with the ordinary action for slander. Its gist is the special pecuniary loss sustained by reason of malicious utterances or publications by the slanderer. Three elements are necessary for the maintenance of such a suit, the words must be: (1) False; (2) maliciously published; and (3) result in some special pecuniary loss. These requisites must not only be proved but under the fundamental law of pleading must be averred. (Citations omitted.)

*International Visible Systems Corp. v. Remington-Rand, Inc.*, 65 F. 2d 540, 542 (6th Cir. 1933).

This succinct discussion of the cause of action followed *Cardon v. McConnell*, 120 N.C. 461, 27 S.E. 109 (1897), where Chief Justice Faircloth set out the elements of the action as follows:

> Slander of title of property may be committed and published orally or by writing, printing or otherwise, and the gist of the action is the special damage sustained, and unless the plaintiff shows the falsity of the words published, the malicious intent with which they were uttered, and a pecuniary loss or injury to himself, he cannot maintain the action. If the alleged infirmity of the title exists, the action will not lie, however malicious the intent to injure may have been, because no one can be punished in damages for speaking the truth. It is essential to the action that the words be maliciously uttered and with intent to injure, and the burden of proving such malice, express or implied, rests upon the plaintiff. If he can show that the utterances were not made in good faith to assert a real claim of title, or facts and circumstances that warrant such an inference, then malice may be fairly implied.

*Id.* at 462. See also *Whyburn v. Norwood*, 47 N.C. App. 310, 267 S.E. 2d 374 (1980); *Texas Co. v. Holton*, 223 N.C. 497, 27 S.E. 2d 293 (1943); *Conway v. Skelly Oil Co.*, 54 F. 2d 11 (10th Cir. 1931); *Davis v. Keen*, 142 N.C. 496, 55 S.E. 359 (1906).

Here the complaint alleges that defendants, in a writing, a copy of which was attached to the complaint, advised that Zachary Taylor owned the lands claimed by plaintiff and which were to be sold at public auction. The statement in the paper writing was known by defendants to be false and was made maliciously. The paper writing was read at the sales of the property. As a result, potential buyers, including Weyerhaeuser, were discouraged from bidding, and the sale was chilled. As the result of the chilling of the sale, plaintiff suffered a loss of $20,000.

Clearly plaintiff has alleged a malicious uttering of a slander of his title. Indeed defendants concede this in their argument in their brief on this question. They contend, however, that the plaintiff has not sufficiently alleged special damages. In their argument on their own exceptions 1 and 3, they argue forcefully that the complaint states a cause of action and sufficiently alleges special damages. We agree. Plaintiff alleges that because of the

reading of the paper writing published by defendants, Weyerhaeuser and others did not bid on the property and plaintiff, as a result of that suffered a $20,000 loss. This sufficiently alleges a "pecuniary loss of injury to himself" as required by *Cardon v. McConnell*, supra. Clearly special damages may result from the preventing of prospective purchasers' bidding at a public sale. See annotation 150 A.L.R. 716 (1943).

### Defendants' Cross Assignment of Error

[2]  Defendants argue that the trial court should have dismissed the action because it was barred by the statute of limitations, taking the position that the limitation of time within which the action can be brought should be the one-year limitation applicable to actions "[f]or libel, slander, assault, battery, or false imprisonment." G.S. 1-54(3). We disagree.

Our research does not disclose a case in this State in which the precise question has been presented to the courts. However, the real nature of the action and the better reasoned cases from other jurisdictions lead us to the conclusion that the one-year statute of limitation for personal slander and libel has no application.

The thrust of the tort action of slander of title is the interference with a prospect of sale of real property or interference with a proprietary right.

> . . . [T]he term "slander of title" includes both spoken and written means by which the right of property may be invaded and a right of action exists, irrespective of the means by which the title is traduced. This is so because a property right has been invaded — *an injury to real property has been sustained.* (Emphasis added.)

*Coley v. Hecker*, 206 Cal. 22, 27, 272 P. 1045, 1047 (1928).

The Circuit Court of Appeals, in *Howard v. Hudson*, 259 F. 2d 29 (9th Cir. 1958), in an action for slander of title held that the California rule was that the action was "within the three year limitation applicable to 'an action for trespass or injury to real property' rather than the one year limitation provision," *id.* at 32, dealing with personal injuries such as libel, slander, assault, battery, or false imprisonment — the same actions listed in our G.S.

1-54(3) which defendant contends is applicable here. Indeed the California Court, in *Smith v. Stuthman*, 79 Cal. App. 2d 708, 181 P. 2d 123 (1947), pointed out that today trespass to real property has a broadened meaning and would now include "consequential injuries, such as actions for slander of title, as well as direct physical injuries." *Id.* at 710, 181 P. 2d at 125.

A similar result was reached by the Court in *Lase Co. v. Wein Products, Inc.*, 357 F. Supp. 210 (N.D. Ill. 1973), applying the law of Illinois. See also *Conway v. Skelley Oil Co.*, supra; *King v. Miller*, 35 Ga. App. 427, 133 S.E. 302 (1926); *Law v. Harwood*, 79 Eng. Rep. 724 (K.B. 1628); *Reliable Mfg. Co. v. Vaughn Novelty Mfg. Co.*, 294 Ill. App. 601, 13 N.E. 2d 518 (1938).

We are aware that there are cases apparently reaching a contrary conclusion. Some are cited in 53 C.J.S., Libel and Slander, § 278 to which defendants call our attention. The Oregon case, *Woodward v. Pacific Fruit and Produce Co.*, 165 Or. 250, 106 P. 2d 1043 (1940), dealt with an interference in a business relationship. The court chose to call it slander of title, but the case before the Oregon Court was not similar to the slander of title to realty now before us. *Buehrer v. Provident Mutual Life Ins. Co.*, 123 Ohio St. 264, 175 N.E. 25 (1931), involves a distinction limiting a suit for trespass to those cases which involve a physical injury. In *Bush v. McMann*, 12 Colo. App. 504, 55 P. 956 (1899), and *Carroll v. Warner Bros.*, 20 F. Supp. 405 (D.C.N.Y. 1937), the injury was to personal property or business relationship, not title to land. The two Florida cases cited, *Old Plantation Corp. v. Maule Industries*, 68 So. 2d 180 (1953), and *Carey v. Beyer*, 75 So. 2d 217 (1954), appear to reach a contrary result to the result we reach but the applicable Florida statutes do not specify a special statute of limitations for injuries to real property as is done in this jurisdiction. *Walley v. Hunt*, 212 Miss. 294, 54 So. 2d 393 (1951), turns on a particular statute including "all actions for slanderous words concerning the person or title . . ." *Id.* at 397.

The Massachusetts Court, in *McDonald v. Green*, 176 Mass. 113, 57 N.E. 211 (1900), classified slander of title with personal slander. This is a position which we reject. We are of the opinion that the real nature of the action prohibits the application of the law of personal slander and requires that the applicable statute of limitations is G.S. 1-52(3) which provides for a limitation of three

years "for trespass upon real property". The court correctly concluded that "the complaint filed herein did not sound in libel or slander within the perimeters of North Carolina General Statute 1-54(3)."

Plaintiff's appeal — reversed.

Defendants' appeal — affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.