ROBERT L. QUINN v. LEO G. QUINN

No. 9213SC770

(Filed 7 September 1993)

**Lis Pendens § 2 (NCI4th) — improperly filed notice — claim for money damages — no basis**

The trial court erred by entering judgment for defendant on his counterclaim for monetary damages arising from plaintiff's *lis pendens* filing where plaintiff filed an action alleging that defendant had obtained lot 9 in a subdivision and a house allegedly on lot 9 by fraud, plaintiff filed a notice of *lis pendens* on lot 9, the parties subsequently learned that the house was on lot 8 and amended the complaint and answer, the notice of *lis pendens* was cancelled, defendant filed a claim for supplemental special damages, and a judgment was entered for defendant after a nonjury trial. North Carolina case law does not support the position that evidence that plaintiff filed the *lis pendens* on the wrong lot, that plaintiff filed the *lis pendens* to stop the sale of the property, and that defendant suffered damages as a result is enough to support the conclusion that plaintiff is liable for damages. N.C.G.S. § 1-116(a)(1) and (d).

**Am Jur 2d, Lis Pendens § 1 et seq.**

## QUINN v. QUINN

[111 N.C. App. 922 (1993)]

Appeal by plaintiff from judgment entered 28 January 1992 by Judge B. Craig Ellis in Brunswick County Superior Court. Heard in the Court of Appeals 10 June 1993.

Upon learning that defendant had listed for sale two contiguous lots, Lots 8 and 9, Howells' Point Development in Sunset Harbor, plaintiff instituted this action on 28 August 1987, alleging, *inter alia*, that defendant, his father, had obtained Lot 9 and a house allegedly located on the lot from him by fraud. He sought sole title to Lot 9. Based upon his claim of ownership, plaintiff filed a notice of *lis pendens* on Lot 9.

On 2 November 1987, defendant filed an answer and counterclaim. Thereafter, the parties learned that the frame house was located on Lot 8, rather than on Lot 9. Both plaintiff and defendant filed amendments to the complaint and answer. By order dated 21 June 1989, and filed thereafter on 10 July 1989, Judge D. B. Herring, Jr. (Judge Herring) ordered that the notice of *lis pendens* against Lot 9 be cancelled.

On 10 October 1990, defendant then filed a claim for supplemental special damages, and on 16 May 1991, Judge Gregory A. Weeks entered an order allowing defendant to file such claim. After pretrial rulings on 15 May 1991, plaintiff took a voluntary dismissal of his claims in open court. On 22 August 1991, he filed a reply to the counterclaim in which he included a Rule 12(b)(6) motion to dismiss for failure of the counterclaim to state a claim upon which relief could be granted. During the nonjury trial on 22 August 1991, Judge Ellis entered judgment on defendant's counterclaim and awarded damages in the amount of $11,700.75. From the denial of his motion to dismiss and from the award of damages, plaintiff appeals.

*Frink, Foy, Gainey & Yount, P.A., by Stephen B. Yount, for plaintiff-appellant.*

*Michael A. Swann, Esquire, for defendant-appellee.*

McCRODDEN, Judge.

We limit our review of plaintiff's assignments of error to his challenge to Judge Ellis's conclusion of law that defendant was entitled to monetary damages as a result of plaintiff's filing of the *lis pendens*. We agree with plaintiff that defendant failed to

prove a basis upon which to recover for damages allegedly resulting from an improperly filed *lis pendens*.

N.C. Gen. Stat. § 1-116(a)(1) and (d) (1983) require that anyone wishing to give constructive notice of pending litigation affecting title to real property file a separate, independent notice with the clerk of superior court in the county or counties in which the property is located. The complaint is the underlying claim, not the *lis pendens*. *Whyburn v. Norwood*, 47 N.C. App. 310, 267 S.E.2d 374 (1980). If one "wantonly, maliciously, [and] without cause, commences a civil action and puts upon record a complaint and *lis pendens* for the purpose of injuring and destroying the credit and business of another, whereby that other suffers damage [he] must be liable for the legal consequences." *Chatham Estates v. Banks*, 171 N.C. 579, 582, 88 S.E. 783, 784 (1916).

Defendant argued at trial that he was entitled to damages because of plaintiff's negligence in filing the *lis pendens*. He has failed, however, to provide any authority to support his contention that plaintiff should be held liable for negligently filing the *lis pendens*, and we can find no such authority.

In *Whyburn,* as in the case at hand, the defendants did not specify upon which legal theory they were proceeding, and the Court discussed three claims, abuse of process, malicious prosecution, and slander of title, which could arise from an allegedly illegal, unreasonable, and false *lis pendens*. As discussed in *Whyburn*, malice is an essential element of each of the tort claims. In the instant case, defendant has failed to allege any malicious intent on the part of plaintiff, and we find no evidence of malice in the record. Defendant argues that evidence that plaintiff filed the *lis pendens* on the wrong lot, that plaintiff filed the *lis pendens* to stop the sale of the property, and that defendant suffered damages as a result thereof, is enough to support the conclusion that plaintiff is liable for damages. North Carolina caselaw does not support this position, and we decline to adopt it.

Based upon the foregoing analysis, we find the trial court erred in entering judgment for defendant on his counterclaim, and we reverse.

Reversed.

Judges EAGLES and LEWIS concur.