IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-794

Filed 20 June 2023

Durham County, No. 21 CVS 1998

ARNOLD MAYNARD, JENNIFER MAYNARD, and HAROLD ELLIS, Plaintiffs,

v.

JUNE CROOK, Defendant.

Appeal by Defendant from orders entered 3 February, 4 February, 9 February, and 13 June 2022 by Judge Josephine Kerr Davis in Durham County Superior Court. Heard in the Court of Appeals 11 April 2023.

*Oak City Law, LLP, by Robert E. Fields III and Samuel Pinero, for Plaintiffs-Appellees Arnold Maynard and Jennifer Maynard; Anderson Jones, PLLC, by Todd A. Jones and Lindsey E. Powell, for Plaintiff-Appellee Harold Ellis.*

*Bugg & Wolf, P.A., by William J. Wolf, for Defendant-Appellant.*

COLLINS, Judge.

Defendant June Crook appeals from the trial court's orders denying certain motions as moot, dismissing her counterclaims, denying her motion for sanctions, denying her Rule 52 and 59 motions to alter or amend the order dismissing her counterclaims, and denying her Rule 60 motion for relief from the order dismissing her counterclaims. Defendant contends that the trial court erred by dismissing her counterclaims and abused its discretion by denying her Rule 52, 59, and 60 motions.

Because Defendant's complaint failed to sufficiently allege claims for slander of title and invasion of privacy, the trial court did not err by dismissing her counterclaims under Rule 12(b)(6). However, the trial court erred by dismissing her counterclaims under Rule 12(c). Furthermore, although the trial court did not abuse its discretion by denying Defendant's Rule 59 and 60 motions, the trial court abused its discretion by denying her Rule 52 motion. We therefore affirm in part and reverse in part and remand with instructions.

## I.    Procedural Background

Plaintiffs Arnold Maynard and Jennifer Maynard entered into a contract with Plaintiff Harold Ellis (collectively, "Plaintiffs") to purchase a 10.001-acre tract of land ("the Property") in Bahama, North Carolina. Ellis represented to the Maynards that the Property was accessible from a 60-foot public right-of-way. However, Defendant, who owns the tract of land adjacent to the Property, claimed that the right-of-way, upon which her driveway is situated, is her property and prevented Plaintiffs from accessing the Property from the right-of-way.

Plaintiffs filed suit on 26 April 2021, seeking a temporary restraining order, preliminary injunction, and permanent injunction to prevent Defendant from impeding their access to the right-of-way. The trial court granted a temporary restraining order on 30 April 2021.

Defendant moved to dissolve the temporary restraining order and to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6). Thereafter, Defendant filed an answer

and counterclaims for invasion of privacy, slander of title, and unfair and deceptive trade practices. Plaintiffs moved for judgment on the pleadings pursuant to Rule 12(c) as to the relief sought in their complaint and for dismissal of Defendant's counterclaims pursuant to Rule 12(b)(6) on 30 July 2021.

Defendant filed a motion for sanctions against Ellis pursuant to Rules 33, 34, and 37 on 6 January 2022. Defendant moved for summary judgment on Plaintiffs' claims on 10 January 2022.

On 27 January 2022, Defendant voluntarily dismissed her counterclaim for unfair and deceptive trade practices. Plaintiffs voluntarily dismissed their claims without prejudice on 2 February 2022.

After hearings on 14 September 2021 and 3 February 2022,[1] the trial court entered an order on 3 February 2022 denying as moot the following: Plaintiffs' motion for judgment on the pleadings as to their own claims and as to Defendant's unfair and deceptive trade practices counterclaim,[2] Plaintiffs' motion for a preliminary injunction, Defendant's motion to dismiss, and Defendant's motion for summary judgment. The trial court entered an order on 4 February 2022 dismissing with prejudice pursuant to Rules 12(b)(6) and 12(c) Defendant's counterclaims for invasion of privacy and slander of title. On 7 February, Defendant filed "Amended

---

[1] No transcript of these hearings appears in the Record, but they are referenced in the trial court's orders.

[2] There is no motion for judgment on the pleadings as to Defendant's unfair and deceptive practices counterclaim in the Record.

Counterclaims" for invasion of privacy, slander of title, malicious prosecution, and to quiet title. By written order entered 9 February 2022, the trial court denied Defendant's motion for sanctions against Ellis.

Defendant filed a "Motion to Amend and Motion for Relief pursuant to Rules 52, 59, and 60" on 14 February 2022, moving for "Amendment pursuant to Rule 52, to Alter or Amend pursuant to Rule 59(e), and for Relief pursuant to Rule 60(b) from this [c]ourt's Order Dismissing Defendant's Counterclaims entered on February 4, 2022." Defendant's motion requested, in relevant part, that the trial court:

> 1. Enter an Order pursuant to Rule 60 of the North Carolina Rules of Civil Procedure vacating ab initio this [c]ourt's Order entered on February 4, 2022 Dismissing Defendant's Counterclaims;
>
> 2. In the alternative, vacating ab initio this [c]ourt's Order entered on February 4, 2022 and entering a new Order dismissing Defendant's Counterclaims for failing to state a claim, without findings of fact[.]

After a hearing on 23 February 2022,[3] the trial court denied the motion by written order entered 13 June 2022.

On 22 June 2022, Defendant filed a notice of appeal from the 3 February order denying motions as moot, the 4 February order dismissing Defendant's

---

[3] No transcript of this hearing appears in the Record.

counterclaims, the 9 February order denying Defendant's motion for sanctions, and the 13 June order denying Defendant's Rule 52, 59, and 60 motions.[4]

## II.    Discussion

### A. Motion to Dismiss

Defendant first contends that the trial court erred by granting Plaintiffs' Rule 12(b)(6) motion to dismiss her counterclaims for slander of title and invasion of privacy.

A counterclaim survives the dismissal of the plaintiff's original claim. *See Jennette Fruit v. Seafare Corp.*, 75 N.C. App. 478, 482, 331 S.E.2d 305, 307 (1985). The standard of review for dismissal of a counterclaim is the same as the standard of review that governs dismissal of a complaint. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b) (2022). "In considering a motion to dismiss under Rule 12(b)(6), the Court must decide whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Izzy Air, LLC v. Triad Aviation, Inc.*, 284 N.C. App. 655, 657, 877 S.E.2d 65, 68 (2022) (quotation marks and citation omitted). "We review de novo a trial court's order on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." *Bill Clark*

---

[4] Although Defendant's notice of appeal includes the 3 February order denying motions as moot and the 9 February order denying Defendant's motion for sanctions, Defendant's brief does not address these issues and they are thus deemed abandoned. *See* N.C. R. App. P. 28(a) ("Issues not presented and discussed in a party's brief are deemed abandoned."); N.C. R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

*Homes of Raleigh, LLC v. Town of Fuquay-Varina*, 281 N.C. App. 1, 5, 869 S.E.2d 1, 3 (2021) (citation omitted).

### 1. *Slander of Title*

"The elements of slander of title are: (1) the uttering of slanderous words in regard to the title of someone's property; (2) the falsity of the words; (3) malice; and (4) special damages." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 30, 588 S.E.2d 20, 28 (2003) (citations omitted).

"Facts giving rise to special damages must be alleged so as to fairly inform defendant of the scope of plaintiff's demand." *Stanford v. Owens*, 46 N.C. App. 388, 398, 265 S.E.2d 617, 624 (1980) (citation omitted); *see also* N.C. Gen. Stat. § 1A-1, Rule 9(g) (2022) ("When items of special damage are claimed each shall be averred."). "[G]eneral damages are such as might accrue to any person similarly injured, while special damages are such as did in fact accrue to the particular individual by reason of the particular circumstances of the case." *Penner v. Elliott*, 225 N.C. 33, 35, 33 S.E.2d 124, 126 (1945) (quotation marks and citations omitted). "[S]pecial damages are usually synonymous with pecuniary loss[,]" *Iadanza v. Harper*, 169 N.C. App. 776, 779, 611 S.E.2d 217, 221 (2005), and are "[t]hose which are the actual . . . result of the injury complained of, and which in fact follow it as a natural and proximate consequence in the particular case[.]" *Canady v. Mann*, 107 N.C. App. 252, 257, 419 S.E.2d 597, 600 (1992) (quotation marks and citation omitted).

Here, Defendant's complaint alleges the following regarding special damages:

47. Ms. Crook has incurred substantial expenses defending against the Temporary Restraining Order. Ms. Crook has incurred extensive attorneys' fees, surveying fees, and expert fees to date.

48. Ms. Crook is entitled to damages in excess of $25,000 arising from the wrongfully obtained Temporary Restraining Order.

. . . .

75. As a result of Mr. Harold Ellis' slanderous statements regarding Ms. June Crook's title to the Crook Homestead, Ms. June Crook has suffered damages in the form of repeated intrusions unto her property by strangers who had been mislead (sic) by Mr. Ellis' false advertising and the invasion of her privacy.

The relatively few slander of title cases decided in our state establish that the slander of title must interfere with the sale of property or otherwise cause specific monetary harm. *See Cardon v. McConnell*, 120 N.C. 461, 462, 27 S.E. 109 (1897) ("[U]nless the plaintiff shows . . . a pecuniary loss or injury to himself, he cannot maintain [a slander of title] action."); *see also Selby v. Taylor*, 57 N.C. App. 119, 121-22, 290 S.E.2d 767, 769 (1982) (holding that plaintiff sufficiently alleged special damages where "because of the . . . writing published by defendants, . . . others did not bid on the property and plaintiff, as a result of that suffered a $20,000 loss").

Expenses incurred in defending against an action are not the natural and proximate consequence of the slander of title and do not constitute special damages. *See Allen v. Duvall*, 63 N.C. App. 342, 348-49, 304 S.E.2d 789, 793 (1983), *rev'd on other grounds*, 311 N.C. 245, 316 S.E.2d 267 (1984), *on reh'g*, 311 N.C. 745, 321 S.E.2d 125 (1984). In *Allen*, this Court explained:

> The plaintiffs have cross-assigned error to the court's failure to include their attorney fees as part of the damages. We believe the court was correct in refusing to do so. The plaintiffs argue that as a direct result of the slander of their title, they had to retain attorneys. If this were a proper element of damages, it should be included in every case in which a person retains an attorney as a result of some damage done to him. We believe the court was correct in not including legal fees as a part of the damages.

*Id.*

Defendant does not allege an interference with the sale of her property or specific monetary harm, but instead alleges that she "has incurred substantial expenses defending against the Temporary Restraining Order" and has "incurred extensive attorneys' fees, surveying fees, and expert fees to date." As these expenses do not constitute special damages, Defendant has failed to sufficiently allege special damages. Accordingly, the trial court did not err by granting Plaintiffs' motion to dismiss Defendant's slander of title counterclaim under Rule 12(b)(6).

### 2. *Invasion of Privacy*

The tort of invasion of privacy by intrusion into seclusion is defined as "the intentional intrusion physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . [where] the intrusion would be highly offensive to a reasonable person." *Toomer v. Garrett*, 155 N.C. App. 462, 479, 574 S.E.2d 76, 90 (2002) (quotation marks and citation omitted). "The kinds of intrusions that have been recognized under this tort include physically invading a person's home or other private place, eavesdropping by wiretapping or microphones, peering

through windows, persistent telephoning, unauthorized prying into a bank account, and opening personal mail of another." *Keyzer v. Amerlink, Ltd.*, 173 N.C. App. 284, 288, 618 S.E.2d 768, 771 (2005) (quotation marks and citations omitted).

Here, Defendant's complaint alleges, in part:

> 54. As a result of Mr. Harold Ellis' false advertising, potential purchasers have entered Ms. Crook's property and approached her on her property.
>
> 55. Upon information and belief, as a result of Mr. Ellis' false assertion that Crook Driveway is actually a public right of way, many strangers have been disregarding Ms. Crook's "No Trespassing" sign near the entrance of her home and have driven down Crook Driveway and almost to her house before turning around. Upon information and belief, these were potential purchasers of the Ellis Property who were investigating the alleged public access.
>
> 56. On other occasions, strangers would approach June Crook's home and demand access to the Ellis property through Crook Driveway.
>
> 57. While falsely advertising the Ellis Property, Mr. Harold Ellis and his real estate agent attempted to place a "For Sale" sign at the entrance to Ms. June Crook's property, in an intentional attempt to cause strangers to travel down Crook Driveway.
>
> . . . .
>
> 64. Despite having knowledge that there was no public right of way existing alongside June Crook's Property, Harold Ellis and Arnold and Jennifer Maynard filed a Complaint . . . seeking an *ex parte* temporary restraining order and preliminary injunction restraining June Crook from the use of her Property.
>
> 65. The actions of Harold Ellis and Arnold and Jennifer Maynard constitute an invasion upon the privacy of June Crook. The actions of Harold Ellis and Arnold and Jennifer Maynard intruded upon the solitude, seclusion, private

affairs and personal concerns of June Crook.

66. The actions of Harold Ellis and Arnold and Jennifer Maynard willfully, intentionally, maliciously and recklessly intruded upon the privacy of June Crook.

67. Any reasonable person would be highly offended by the constant harassment by potential purchasers and subsequent attempt to *ex parte* restrain Ms. Crook's use of her Property.

68. June Crook has been damaged by the intrusion of her privacy committed by Harold Ellis and Arnold and Jennifer Maynard.

The complaint does not allege that Plaintiffs intruded, physically or otherwise, upon Defendant's home or private affairs. While Defendant's complaint alleges that "potential purchasers" and "many strangers" have physically entered her property, Defendant cites no authority, and we find none, supporting the proposition that a claim for invasion of privacy lies where an individual, other than the individual against whom the cause of action is asserted, physically intrudes upon a defendant's home. Furthermore, we have found no authority to support Defendant's proposition that filing a lawsuit is the kind of intrusion that has been recognized under this tort.

As the allegations in Defendant's complaint failed to sufficiently state a claim for invasion of privacy, the trial court did not err by granting Plaintiffs' Rule 12(b)(6) motion to dismiss.

## B. Motion for Judgment on the Pleadings

Defendant contends that the trial court erred by dismissing her counterclaims pursuant to Rule 12(c) because "[t]here was no motion for judgment on the pleadings

before the [c]ourt."

We review a trial court's order granting a motion for judgment on the pleadings de novo. *Benigno v. Sumner Constr., Inc.*, 278 N.C. App. 1, 3-4, 862 S.E.2d 46, 49 (2021). Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed . . . ." N.C. Gen Stat. § 1A-1, Rule 12(c) (2022). Rule 7(a) sets forth a limited list of permissible pleadings and states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a crossclaim, if the answer contains a crossclaim; a third-party complaint if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. If the answer alleges contributory negligence, a party may serve a reply alleging last clear chance. No other pleading shall be allowed except that the court may order a reply to an answer or a third-party answer.

N.C. Gen. Stat. § 1A-1, Rule 7(a) (2022). The rule's express provision that "[t]here shall be . . . a reply to a counterclaim" contemplates that the pleadings do not "close" until a reply to a counterclaim is filed. *See, e.g., Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 n.4 (7th Cir. 1982) ("Fed. R. Civ. P. 7(a) prescribes when the pleadings are closed. In a case such as this when, in addition to an answer, a counterclaim is pleaded, the pleadings are closed when the plaintiff serves his reply." (citation omitted)); *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("[T]he pleadings are closed [under Rule 7(a)] for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is

made." (citations omitted)).

Here, the trial court's order dismissed Defendant's counterclaims under Rules 12(b)(6) and 12(c). As discussed above, the trial court did not err by dismissing Defendant's counterclaims under Rule 12(b)(6). However, the trial court erred by dismissing Defendant's counterclaims under Rule 12(c) because there was no motion for judgment on the pleadings as to Defendant's counterclaims before the court; moreover, such a motion would have been improper because the pleadings had not yet closed. Plaintiffs moved for judgment on the pleadings pursuant to Rule 12(c) as to their own claims but did not move for judgment on the pleadings as to Defendant's counterclaims. Even assuming arguendo that Plaintiffs' Rule 12(c) motion purported to move for judgment on the pleadings as to Defendant's counterclaims, dismissing Defendant's counterclaims under Rule 12(c) was improper because Plaintiffs had not replied to Defendant's counterclaims, and thus the pleadings had not yet closed. Accordingly, the trial court erroneously dismissed Defendant's counterclaims pursuant to Rule 12(c).

## C. **Rule 52, 59, and 60 Motions**

Defendant next contends that the trial court abused its discretion by denying her "Motion to Amend and Motion for Relief pursuant to Rules 52, 59, and 60[.]" (capitalization altered). Specifically, Defendant argues that "[t]he form of the trial court's order of dismissal is clearly erroneous, inappropriate, and highly prejudicial" in that it "contains clearly erroneous factual statements inconsistent with

[Defendant's] allegations and erroneous statements of law that are inappropriate to include in such an order."

A challenge to a trial court's decision to grant or deny relief pursuant to N.C. Gen. Stat. § 1A-1, Rules 52, 59, or 60 is reviewed under an abuse of discretion standard. *Burnham v. S&L Sawmill, Inc.*, 229 N.C. App. 334, 346, 749 S.E.2d 75, 84 (2013). "An abuse of discretion is shown only when the court's decision is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Paynich v. Vestal*, 269 N.C. App. 275, 278, 837 S.E.2d 433, 436 (2020) (quotation marks and citation omitted).

### 1. *Rule 52 Motion*

Rule 52(b) governs amendments to findings of fact made by a trial court and states, "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly." N.C. Gen. Stat. § 1A-1, Rule 52(b) (2022). "The primary purpose of a Rule 52(b) motion is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court." *Branch Banking & Tr. Co. v. Home Fed. Sav. & Loan Ass'n*, 85 N.C. App. 187, 198-99, 354 S.E.2d 541, 548 (1987). "If a trial court has omitted certain essential findings of fact, a motion under Rule 52(b) can correct this oversight and avoid remand by the appellate court for further findings." *Id.* (citation omitted). By its plain language, Rule 52(b) also allows the trial court to amend, and thus omit, erroneous findings.

The purpose of the entry of findings of fact by a trial court is to resolve contested issues of fact, to make clear what was decided for purposes of res judicata and estoppel, and to allow for meaningful appellate review. *See War Eagle, Inc. v. Belair*, 204 N.C. App. 548, 551, 694 S.E.2d 497, 500 (2010); *Greensboro Masonic Temple v. McMillan*, 142 N.C. App. 379, 382, 542 S.E.2d 676, 678 (2001). As resolution of evidentiary conflicts is not within the scope of Rule 12 and findings of fact in a Rule 12 order are not binding on appeal, an order granting a Rule 12(b)(6) motion to dismiss generally should not include findings of fact. *White v. White*, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979); *M Series Rebuild, LLC v. Town of Mount Pleasant*, 222 N.C. App. 59, 63, 730 S.E.2d 254, 258 (2012); *Tuwamo v. Tuwamo*, 248 N.C. App. 441, 446, 790 S.E.2d 331, 336 (2016).

The trial court may, however, recite the undisputed facts that form the basis of its decision. *See, e.g., Capps v. Raleigh*, 35 N.C. App. 290, 292, 241 S.E.2d 527, 529 (1978) (opining that, when deciding a motion for summary judgment, "in rare situations it can be helpful for the trial court to set out the *undisputed* facts which form the basis for his judgment"); *see also Wiley v. United Parcel Serv., Inc.*, 164 N.C. App. 183, 189, 594 S.E.2d 809, 813 (2004) ("[F]indings and conclusions do not render a summary judgment void or voidable and may be helpful, if the facts are not at issue and support the judgment." (quotation marks and citation omitted)). When this is done, any findings should clearly be denominated as "uncontested facts" and not as the resolution of contested facts. *War Eagle*, 204 N.C. App. at 551-52, 694 S.E.2d at

500 (commenting on the presence of detailed findings of fact in a trial court's order granting summary judgment).

Because an order granting a Rule 12(b)(6) motion to dismiss generally should not include findings of fact, a Rule 52(b) motion requesting that the trial court add such findings is improper. However, a Rule 52(b) motion to remove erroneous findings of fact is not improper and is reviewed for an abuse of discretion. *See Burnham*, 229 N.C. App. at 346, 749 S.E.2d at 84.

Here, the trial court made extensive findings of fact that go beyond a mere recitation of undisputed facts forming the basis of its decision. Instead, the findings mischaracterize the allegations set forth in Defendant's complaint and resolve evidentiary conflicts in a manner that decides ownership of the Property, which is the central issue in the action Plaintiffs voluntarily dismissed, thereby creating the danger of a future claim of collateral estoppel.

Based on this unique set of procedural and factual circumstances, the trial court abused its discretion by denying Defendant's Rule 52(b) motion requesting that the court "enter[] a new [o]rder dismissing Defendant's Counterclaims for failing to state a claim, without findings of fact[.]"

## 2. *Rule 59 Motion*

Rule 59 addresses new trials and amendments to judgments and states, "[a] new trial may be granted to all or any of the parties and on all or part of the issues" for any of the nine grounds enumerated in the statute. N.C. Gen. Stat. § 1A-1, Rule

59(a) (2022). Additionally, a party may move to "amend the judgment under section (a) of this rule . . . ." N.C. Gen. Stat. § 1A-1, Rule 59(e) (2022). However, "Rule 59(e) is available only on the grounds enumerated in Rule 59(a) and they apply only after a trial on the merits." *Doe v. City of Charlotte*, 273 N.C. App. 10, 19, 848 S.E.2d 1, 8 (2020). Thus, "litigants cannot bring a motion under Rule 59(e) to seek reconsideration of a pre-trial ruling by the trial court." *Id.*

Here, as there was no trial on the merits and the order dismissing Defendant's counterclaims was issued in response to a pre-trial motion, the trial court did not abuse its discretion by denying Defendant's Rule 59 motion.

### 3. *Rule 60(b) Motion*

Rule 60(b) provides for relief from a judgment or order for various reasons, including mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and "[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2022).

Defendant asserts that "[t]he order denying the motion to amend or alter the order of dismissal also failed to address [Defendant's] request to be allowed to amend her counterclaims." Defendant's amended counterclaims were filed on 7 February, after the order dismissing her counterclaims was entered on 4 February. Because Defendant's counterclaims were properly dismissed under Rule 12(b)(6) before she filed her amended counterclaims, the trial court did not abuse its discretion by not addressing Defendant's request to amend her counterclaims.

### III.    Conclusion

The trial court did not err by granting Plaintiffs' motion to dismiss Defendant's counterclaims under Rule 12(b)(6) because Defendant's complaint failed to sufficiently state claims for slander of title and invasion of privacy.  Furthermore, the trial court did not abuse its discretion by denying Defendant's Rule 59 and 60 motions.  Accordingly, we affirm in part.  However, the trial court erred by dismissing Defendant's counterclaims under Rule 12(c) and abused its discretion by denying Defendant's Rule 52 motion.  Accordingly, we reverse in part and remand to the trial court with instructions to enter a new order summarily dismissing Defendant's counterclaims under Rule 12(b)(6).

AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

Chief Judge STROUD and Judge FLOOD concur.