MASSACHUSETTS GENERAL HOSPITAL *vs.* CAROLINE E. FAIRBANKS.

Suffolk.    March 22. — June 30, 1880.    MORTON, J., did not sit.    AMES & LORD, JJ., absent.

If an insane person is received into an asylum, at the request of another, and on an express contract in writing by third persons to pay his board and other expenses there, no promise can be implied on the part of such insane person to pay anything; evidence that credit was given to him by the officers of the asylum is inadmissible; and an action against him by the asylum cannot be maintained.

In an action on an implied assumpsit to recover for board furnished the defendant, the answer alleged that the board was furnished under an express contract by a third person with the plaintiff to pay for it, and that the plaintiff afterwards brought suit against this person and recovered judgment, which was still in force.  *Held,* that, under the answer, an express agreement between the plaintiff and the third person was admissible, without regard to the question of the effect of the judgment.

CONTRACT on an account annexed for board and other supplies furnished the defendant at the McLean Asylum for the insane at Somerville, from October 1, 1872, to August 25, 1873.

The writ, dated December 19, 1876, alleged that the defendant was an insane person, and that Edward A. Caswell was her guardian.   Service was made upon Caswell, who appeared and filed an answer, alleging that before October 1, 1872, the defendant was insane, and has since continued to be so; that, about October 15, 1869, the plaintiff made an agreement with William A. Towne and Isaac H. Wright for the defendant's board and the supplies to be furnished her at the McLean Asylum while she should be there; that, after she had been removed therefrom, the plaintiff brought an action in the Superior Court on this agreement, against Towne and Wright, for the same cause of action for which this action is brought, and at October term

1875, recovered judgment thereon, which judgment is still in force.

Trial in the Superior Court, without a jury, before *Gardner*, J., who found for the plaintiff for the full amount claimed; and reported the case for the determination of this court, in substance as follows:

The plaintiff read the pleadings, and rested. The guardian made no objection to the items of the account; but put in evidence, which was admitted against the plaintiff's objection that it was not admissible under the pleadings, of the following facts:

The defendant was received into the McLean Asylum on October 13, 1869, while suffering from an attack of violent and acute mania, on the written request of one of the proprietors of the hotel in Boston where she was boarding, and the certificate of two physicians. On October 15, of the same year, William H. Towne and Isaac H. Wright signed and delivered the following instrument to the plaintiff:

"In consideration of Mrs. Caroline Fairbanks being admitted a patient into the McLean Asylum for the insane, at our request, we, the undersigned, jointly and severally promise the Massachusetts General Hospital to pay the treasurer thereof at said asylum quarterly, on the first days of January, April, July and October, with interest after said days respectively, the rate of board which may from time to time be determined by the trustees of said hospital for said patient; to provide or pay for all requisite clothing and other things necessary or proper for the health and comfort of said patient; to pay for all proper expenses incurred for the return of said patient to the asylum in case of elopement; to remove said patient when discharged; to reimburse funeral expenses in case of death; and if removed uncured against the advice and consent of the superintendent, before the expiration of three calendar months, to pay board for thirteen weeks, the rate at which the patient is admitted below, and the trustees may change the same at any time, giving us three weeks' notice by mail in case the rate is to be raised. Witness our hands this fifteenth day of October, 1869."

On the same paper was the following order of admission, signed by two of the visiting committee of the plaintiff: "Receive the above-named patient if brought within two weeks from

date, at $30 per week." By virtue of this order, the defendant, after the obligation of Towne and Wright was given, was retained at the McLean Asylum until August 25, 1873, when she was removed to an asylum at Hartford, where she has since remained.

Towne was appointed guardian of the defendant soon after October 15, 1869, and paid the defendant's bills at the asylum until October 1, 1872. Towne resigned his office as guardian on March 10, 1872, and informed the superintendent that he would not be longer liable for the defendant's bills. No other guardian was appointed until April 25, 1873, when Caswell was appointed.

The action set forth in the answer was brought by the plaintiff, and judgment was recovered against Towne and Wright by agreement of parties for the amount due from October 1, 1872, to April 25, 1873.

On this evidence, the defendant asked the judge to rule that the action could not be maintained ; but the judge refused so to rule.

The plaintiff then offered in evidence the testimony of Towne that he went to the asylum with the defendant when she was first taken there from the hotel as above stated ; and that the superintendent of the asylum asked him about the defendant's means and previous condition, and what she could afford to pay, and was told ; that the superintendent also gave him the blank form of obligation, and said that the rules of the institution required this to be signed, but that it was a mere matter of form when insane persons had property. The defendant objected to this evidence, but the judge admitted it for the purpose of showing to whom credit had been given.

The defendant then renewed his request for a ruling that the action could not be maintained ; but the judge refused so to rule.

If the rulings were right, judgment was to be entered for the plaintiff; otherwise, such order to be made as the court should deem proper.

*D. E. Ware*, for the plaintiff.

*G. D. Noyes*, for the guardian.

SOULE, J. It appeared at the trial in the Superior Court that when the defendant, an insane person, was received by the

plaintiff as an inmate of its asylum, she took no active part in the proceedings. She was admitted on the certificate of two physicians that she was insane, to which was appended an application for her admission signed by the keeper of the hotel at which she was boarding, together with an agreement signed by one Towne and one Wright, that they would pay her board as long as she remained there, and all expenses incurred in clothing her and in providing things proper for her health and comfort, and would remove her when discharged. To these instruments was added the order of the visiting committee of the plaintiff for her admission to the asylum as a patient. These documents taken together constitute the contract under which the plaintiff furnished what it did furnish for the benefit of the defendant. It was not her contract with the plaintiff, but the contract of Towne and Wright, binding on them so long as the defendant remained at the asylum. There was no question open as to whether their undertaking was an original one or a collateral promise. The terms of it admit of but one construction. It was an absolute agreement, in consideration of the admission of the defendant as a patient.

The evidence did not justify any inference that the defendant became liable to the plaintiff for her board and support. The plaintiff having received her under the express contract with Towne and Wright to pay the plaintiff, there was no implied contract on her part to pay anything. There is no room for an implied contract where an express contract exists. Met. Con. 6. *Whiting* v. *Sullivan*, 7 Mass. 107. If A. contract with B. to furnish board at his expense to fifty men in his employ, and B. furnishes it, there is no implied contract on the part of the boarders to pay each for his own board. And this, not because they are employed by A., but because the board was furnished on A.'s promise to pay for it. In the numerous cases in which the question has arisen to whom was credit given, no express contract in writing, absolute in its terms, existed, and in the absence of such express contract the effort was to ascertain, from the facts surrounding the transaction, to whom credit was given, as an element in determining with whom the contract was made, or whether the undertaking was original or collateral. Of this character are these cases cited by the plaintiff: *Cahill* v.

*Bigelow,* 18 Pick. 369.    *Swift* v. *Pierce,* 13 Allen, 136.    *Walker*
v. *Moors,* 125 Mass. 352.

Under the pleadings it was competent for the guardian of the
defendant to show the contract which led to the admission of
the defendant to the asylum ; and when that contract was estab-
lished it made a complete answer to the plaintiff's claim.    The
judge who tried the case in the Superior Court erred, therefore,
in refusing to rule that on the evidence the action could not be
maintained, and there must be a                          *New trial.*