VETCO CONCRETE COMPANY v. TROY LUMBER COMPANY.

(Filed 18 April, 1962.)

**1. Quasi-Contracts § 1—**

The rule that there can be no implied contract with reference to a matter which is the subject of an express contract extends to instances in which goods or services which benefit one person are furnished under an express contract with another and in reliance upon the credit of such other, in which event there can be no implied promise to pay, based on the theory of unjust enrichment, on the part of the person benefited.

**2. Same—**

Plaintiff's evidence tended to show that he furnished building materials on order of a construction company, that plaintiff did not know that a part of the material was used in the construction of houses on lots owned by a lumber company until after the account was in arrears, that no agreement was ever made with the lumber company to pay for the materials, and that the materials were not sold in reliance on the credit of the lumber company. *Held:* Nonsuit should have been entered in plaintiff's suit against the lumber company, since the express contract excludes any implied contract with reference to the same subject matter.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Crissman, J.,* May 1st Civil Term 1961 of FORSYTH.

This appeal was docketed in the Supreme Court as case No. 394 and argued at the Fall Term 1961.

The plaintiff instituted this action on 15 April 1959 to recover a balance due on account for concrete products alleged to have been sold and delivered to defendant Troy Lumber Company, a corporation, between the dates of 1 December 1955 and 18 April 1956, under an express contract between the plaintiff and the defendant.

The defendant filed an answer to the complaint denying the express contract and pleading the three-year statute of limitations as to all items alleged to have been sold by the plaintiff and delivered to the defendant prior to three years before the institution of this action.

The plaintiff thereafter amended its complaint alleging an implied contract resulting in unjust enrichment of the defendant by reason of the fact that the materials sold and delivered by the plaintiff were used in the construction of residences on real estate owned by the defendant and that the defendant benefited from such materials so used.

The defendant answered denying the implied contract and again pleading the three-year statute of limitations on all materials sold and delivered prior to three years before 15 April 1959.

Plaintiff's evidence established that the materials were sold and delivered under an express contract to Fore-Taylor Building Company for use in the construction of dwelling houses located in Cedar Forest Estates in or near Winston-Salem, North Carolina. Some of the lots upon which these residences were erected were owned by Fore-Taylor Building Company and some were owned by Troy Lumber Company. Fore-Taylor Building Company was a North Carolina corporation with its principal office in Charlotte, North Carolina (now liquidated), and Troy Lumber Company was and is a North Carolina corporation with its principal office in Troy, North Carolina. Plaintiff's evidence further established that F. L. Taylor owned stock in both corporations and was an officer of both corporations.

The president of Vetco Concrete Company testified that the materials involved were delivered pursuant to telephone orders from the office of Fore-Taylor Building Company; that the witness was familiar with the property to which the materials were delivered and did not inquire as to ownership of the property until sometime later; that the witness did not learn that the Troy Lumber Company was the record owner of some of the lots to which materials were delivered until after the account was well overdue. "I'd say four or five months after the final shipment was when I found out that the property was not in

Fore-Taylor's name." Upon acquiring the information that Troy Lumber Company owned some of the lots, the plaintiff corporation for the first time mailed to the defendant Troy Lumber Company a copy of the statement of the balance due. The plaintiff received no response from Troy Lumber Company. "I did not take any action with respect to contacting Troy Lumber Company directly after we had ascertained that these lots were owned by the defendant Troy Lumber Company, with the exception that we mailed them a copy of the statement before we placed the lien against the property. * * *

"My company shipped merchandise for use on lots other than those for which we have brought this suit. I didn't ascertain by whom those lots were owned. * * * I usually don't care who owns the lots, when the statements are paid promptly. I only became interested if the account became overdue. I don't recall that I ascertained who owned the other lots to whom we made these shipments other than the lots concerning which we had brought this suit. * * *" This witness further testified to the fact that each statement and delivery ticket for the materials in question carried the notation, "Sold to Fore and Taylor," and that the materials were not sold on the credit of Troy Lumber Company.

In November 1956, Paul L. Barnes, president of the plaintiff, met with representatives of Fore-Taylor Building Company with respect to the balance due his company in the sum of $4,110.62. Barnes testified: "At that time I had learned that Troy Lumber Company owned the lots with respect to which this suit was brought. Mr. Taylor was present at that meeting in November * * *."

Mr. Robbins, office manager of the plaintiff, testified that the materials on the Cedar Forest Project were furnished at the request of the Fore-Taylor Building Company; that, "When a house was sold in the Cedar Forest Project, we would receive a check paying off either a particular lot or group of lots, when sales were made. This check would be for the amount of cement which the Fore-Taylor Building Company calculated as going into those particular houses. As each house was sold, we received a check at about the time of the sale or shortly thereafter."

The evidence discloses that on 9 October 1956, plaintiff filed a notice and lien for materials furnished against Troy Lumber Company and Fore-Taylor Building Company against Lots Nos. 3, 7, 8, 20 and 24, shown on the map of Cedar Forest Estates, Section 3, of a plat recorded in Plat Book 17, page 38, in the office of the Register of Deeds of Forsyth County, which lots were owned by Troy Lumber Company, and against Lot No. 22, shown on the aforesaid map, the property of Fore-Taylor Building Company.

The evidence further discloses that in December 1956, Fore-Taylor Building Company made a payment to plaintiff on the $4,110.62 account, reducing the amount due to $2,729.30, the amount for which this action was brought.

The defendant moved for judgment as of nonsuit at the close of plaintiff's evidence. The motion was denied.

The defendant's evidence discloses that by deed dated 1 August 1955, Fore-Taylor Building Company conveyed ten lots in Cedar Forest Estates to Troy Lumber Company, which deed was duly recorded in the office of the Register of Deeds of Forsyth County, North Carolina. Thereafter, Troy Lumber Company executed a deed of trust to Archie C. Walker, trustee, and Wachovia Bank and Trust Company, dated 2 August 1955, conveying the aforesaid ten lots in Cedar Forest Estates as security for a loan in the amount of $150,000. This deed of trust was recorded on 11 August 1955 in the office of the Register of Deeds of Forsyth County. The note executed to the bank was endorsed by Lee P. Fore, Betty B. Fore, F. L. Taylor and Alliene Taylor. On 25 April 1957, the above loan being in default, the trustee called upon the endorsers to pay the balance due thereon in the amount of $39,300, plus certain interest. The trustee foreclosed the deed of trust and F. L. Taylor bid in the foreclosed property, liquidated it, and paid the balance due the bank.

The evidence tends to show that no part of the proceeds from the $150,000 loan was expended by or on behalf of Troy Lumber Company. The bank required the checks withdrawing such funds to be signed by Lee P. Fore and Clement Williams. Mr. Fore ran the Fore-Taylor Building Company, but the official position of Mr. Williams is not disclosed.

F. L. Taylor testified that he is president of Troy Lumber Company, and that he owned fifty per cent of the stock in Fore-Taylor Building Company; that Fore-Taylor Building Company built seventy or eighty houses in the Winston-Salem area; that "Troy Lumber Company furnished some of the lumber on those houses. We did not furnish most of it. * * * (W)e furnished, I would say, the greater portion of the framing * * *. * * * I ran Troy Lumber Company * * *. I was interested in selling all the lumber I could to Fore-Taylor Company. We were paid for some of the lumber. * * * Troy Lumber Company pledged * * * or mortgaged the lots for the benefit of Fore-Taylor Building Company. * * * Troy Lumber Company did not receive any of the proceeds of the sale of the ten lots which were deeded to it by Fore-Taylor Building Company when they were sold. * * *"

When the houses constructed by the Fore-Taylor Building Company were sold, except those foreclosed under the aforesaid deed of

trust, they were financed through FHA loans and the proceeds from those sales were received by Fore-Taylor Building Company.

The defendant renewed its motion for judgment as of nonsuit at the close of all the evidence, which motion was again denied.

The case was submitted to the jury on the theory of the defendant's breach of an implied contract and the jury answered the issues in favor of the plaintiff. From the judgment on the verdict the defendant appeals, assigning error.

*Weston P. Hatfield for plaintiff.*
*David H. Armstrong for defendant.*

DENNY, C.J. The defendant assigns as error the refusal of the court below to sustain its motion for judgment as of nonsuit at the close of all the evidence.

The plaintiff's evidence establishes unequivocally that all the materials furnished by it which went into the construction of residences built on defendant's lots were furnished pursuant to an express contract between the plaintiff and the Fore-Taylor Building Company, a corporation. The plaintiff's evidence goes further and affirmatively establishes the fact that the materials were not sold on the credit of Troy Lumber Company.

It is equally clear from plaintiff's evidence that the plaintiff never entered into any agreement with the defendant to pay for the materials it furnished Fore-Taylor Building Company. Moreover, it never knew that the defendant Troy Lumber Company owned any of the lots on which Fore-Taylor Building Company constructed residences until all the materials had been sold and delivered to Fore-Taylor Building Company and the account was four or five months past due.

It is a well established principle that an express contract precludes an implied contract with reference to the same matter. *Supply Co. v. Clark,* 247 N.C. 762, 102 S.E. 2d 257; *Jenkins v. Duckworth & Shelton, Inc.,* 242 N.C. 758, 89 S.E. 2d 471; *Crowell v. Air Lines,* 240 N.C. 20, 81 S.E. 2d 178; *McLean v. Keith,* 236 N.C. 59, 72 S.E. 2d 44; *Manufacturing Co. v. Andrews,* 165 N.C. 285, 81 S.E. 418, Ann. Cas. 1916A 763; *Lawrence v. Hester,* 93 N.C. 79; *Klebe v. United States,* 263 U.S. 188, 68 L. Ed. 244; 12 Am. Jur., Contracts, Section 7, page 505; 17 C.J.S., Contracts, Section 5, page 321, *et seq.*

It is stated in 12 Am. Jur., Contracts, Section 7, page 505: "There cannot be an express and an implied contract for the same thing existing at the same time. It is only when parties do not expressly agree that the law interposes and raises a promise. No agreement can be

implied where there is an express one existing," citing, among other cases, *Manufacturing Co. v. Andrews, supra,* and *McLean v. Keith, supra.* It is further stated in a footnote that, "Perhaps it is more precise to state that where the parties have made a contract for themselves, covering the whole subject matter, no promise is implied by law.

"The same rule has been applied to benefits conferred under a special contract with a third person. When there is a contract between two persons for the furnishing of services or goods to a third, the latter is not liable on an implied contract simply because he has received such services or goods. *Walker v. Brown,* 28 Ill. 378, 81 Am. Dec. 287; *Massachusetts General Hospital v. Fairbanks,* 129 Mass. 78, 37 Am. Rep. 303; *Sullivan v. Detroit, Y. & A.A. R. Co.,* 135 Mich. 661, 98 N.W. 756, 64 L.R.A. 673, 106 Am. St. Rep. 403."

The case of *Supply Co. v. Clark, supra,* is directly in point. There, the defendant's son, Floyd Clark, engaged John F. Smith, to furnish labor and materials necessary to construct a house on land owned by the defendants. The plaintiff furnished materials pursuant to any agreement with Smith. The plaintiff never entered into an agreement with the defendants to pay for the materials furnished, nor did it discuss the subject with them until after the materials were purchased by Smith and used by him in the construction of the house. This Court held, under these facts, that there was no implied contract under which the defendants were liable for the value of the materials furnished by the plaintiff. This Court stated: " * * * (W)hatever contract was made with the plaintiff with respect to the purchase of these materials was made with Smith and not with the owners of the property.

"This Court, in the case of *Manufacturing Co. v. Andrews,* 165 N.C. 285, 81 S.E. 418, Ann. Cas. 1916A 763, said: ' * * * (I)t is a well recognized principle that there can be no implied contract where there is an express contract between the parties in reference to the same subject-matter.' *Lawrence v. Hester,* 93 N.C. 79." The Court affirmed the judgment of nonsuit entered in the trial below.

In the case of *Massachusetts General Hospital v. Fairbanks, supra,* the Court said: "The evidence did not justify any inference that the defendant became liable to the plaintiff for her board and support. The plaintiff having received her under the express contract with Towne and Wright to pay the plaintiff, there was no implied contract on her part to pay anything. There is no room for an implied contract where an express contract exists. * * * If A. contract with B. to furnish board at his expense to fifty men in his employ, and B. furnishes it, there is no implied contract on the part of the boarders to pay

each for his own board. And this, not because they are employed by A., but because the board was furnished on A.'s promise to pay for it. In the numerous cases in which the question has arisen to whom was credit given, no express contract in writing, absolute in its terms, existed, and in the absence of such express contract the effort was to ascertain from the facts surrounding the transaction, to whom credit was given, as an element in determining with whom the contract was made * * *."

Likewise, in *Walker v. Brown, supra,* there was an express contract with third parties to do certain demolition work and to make certain excavations. An action was brought against Walker, plaintiff in error, and a judgment was obtained against him. On appeal, the Supreme Court of Illinois said: "The error in this whole proceeding arises upon the assumption, that the plaintiff in error might become liable, under the implication of law, that he should pay the reasonable worth of services, beneficial to him, bestowed upon his property, with his knowledge and acquiescence, notwithstanding such services were rendered under an express agreement with another person.

"An express contract, executory in its provisions, must totally exclude any such implication. One party agreed, in consideration of the other to pay, to render the service; the other, in consideration of the promise to render the service, agrees to pay. One is the consideration and motive for the other, and each equally excludes any other consideration, motive, or promise."

In the instant case, the plaintiff having proved an express contract with Fore-Taylor Building Company for the purchase of the materials used in the construction of houses in Cedar Forest Estates, it was error for the court to submit the case to the jury on the theory of an implied contract on the part of the defendant to pay for materials sold and delivered to another under an express contract.

The defendant's motion for judgment as of nonsuit should have been allowed.

Reversed.

SHARP, J., took no part in the consideration or decision of this case.