Campbell Oil Co. v. AmeriGas Propane, LP, 2016 NCBC 50.

STATE OF NORTH CAROLINA

COUNTY OF BLADEN

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
13 CVS 468

CAMPBELL OIL COMPANY; CAMPBELL
OIL COMPANY OF CLINTON, INC.;
LINDSEY CAMPBELL OIL COMPANY, INC.;
CAMPBELL OIL COMPANY OF
WHITEVILLE, INC.; CAMPBELL
BROTHERS, INC.; CAMPBELL
INVESTMENTS, INC.; CAMPBELL OIL &
GAS COMPANY OF RALEIGH, INC.; D.M.
CAMPBELL, JR., Individually and as Trustee
of the Irrevocable Trust Agreement dated
September 13, 1989 with Bonnie H.
Campbell, as Grantor; SYLVIA CAMPBELL,
Individually and as Trustee of the Irrevocable
Trust Agreement dated September 13, 1989
with Bonnie H. Campbell, as Grantor;
BRIAN D. CAMPBELL, Individually and as
Trustee for the Bonnie Campbell Irrevocable
Trust for the Children of Dallas M. Campbell,
Jr., U/A/D September 27, 2001; WESLEY S.
CAMPBELL, Individually and as Trustee for
the Bonnie Campbell Irrevocable Trust for
the Children of Dallas M. Campbell, Jr.,
U/A/D September 27, 2001; CHRISTOPHER
M. CAMPBELL, Individually and as Trustee
for the Bonnie Campbell Irrevocable Trust for
the Children of Dallas M. Campbell, Jr.,
U/A/D September 27, 2001 and DALLAS
MCQUEEN CAMPBELL III, Individually and
as Trustee for the Bonnie Campbell
Irrevocable Trust for the Children of Dallas
M. Campbell, Jr., U/A/D September 27, 2001,
    Plaintiffs

    v.

AMERIGAS PROPANE, LP,
    Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON MOTIONS TO REVISE
SUMMARY JUDGMENT ORDER**

   THIS MATTER comes before the Court on Plaintiffs' Motion to Revise Summary

Judgment Order and Defendant's Motion to Reinstate Counterclaim (collectively "Motions to

Revise"). The Motions to Revise are made pursuant to North Carolina Rule of Civil Procedure

54(b), and seek this Court's reconsideration and revision of its Opinion and Order of January 15, 2016 (the "Opinion"), in light of the North Carolina Supreme Court's decision in *Beverage Systems of the Carolinas, LLC v. Associated Beverage Repairs*, LLC, __ N.C. __, 2016 N.C. LEXIS 177 (March 18, 2016). In *Beverage Systems*, the supreme court held that a trial court lacks the power to rewrite the terms of an unenforceable covenant not-to-compete to make the covenant enforceable, even where the covenant expressly purports to provide the court with such authority. The parties agree that the supreme court's decision in *Beverage Systems* renders this Court's decision denying Plaintiffs' motion for summary judgment and granting Defendant's Motion for Summary Judgment, in part, on Plaintiffs' Third Claim for Relief and granting Plaintiffs' Motion for Summary Judgment on Defendant's First Counterclaim erroneous as a matter of law. The parties disagree as to the impact these requested revisions have on this Court's decision dismissing Defendant's Second Counterclaim for unjust enrichment as moot.

THE COURT, having considered the Motions to Revise, the memoranda filed in support of and opposition to the Motions to Revise, and other appropriate matters of record, FINDS and CONCLUDES as follows.

I.      BACKGROUND.

1.      The full procedural and factual background of this case are set out fully in the Opinion. Accordingly, the Court recites only those limited background facts necessary to the resolution of the Motions to Revise.

2.      On June 1, 2015, Plaintiffs filed their Motion for Summary Judgment and brief in support of that motion. Plaintiffs' motion sought summary judgment in Plaintiffs' favor on all of Plaintiffs' claims and both of Defendant's counterclaims. With regard to Defendant's Second Counterclaim for unjust enrichment, Plaintiffs only argued that the claim for unjust

enrichment should be dismissed because it was precluded by the existence of the parties' written contract.[1]

3.     Also on June 1, 2015, Defendant filed its Motion for Summary Judgment. Defendant's motion sought summary judgment in Defendant's favor on all of Plaintiffs' claims. Defendant's Motion did not seek summary judgment on either of Defendant's counterclaims.

4.     On January 15, 2016, the Court issued the Opinion.  In the Opinion, the Court "conclude[d] that the geographic restriction in the non-compete is unreasonable, and therefore unenforceable."[2]  Nevertheless, based on the then-existing authority recognized by the court of appeals' decision in *Beverage Systems of the Carolinas, LLC v. Associated Beverage Repairs*, LLC, __ N.C. App. __, 762 S.E.2d 316 (2013), this Court concluded that it had the power to rewrite the geographic restriction to make it reasonable and enforceable, and proceeded to do so.[3]  Consequently, the Court denied Plaintiffs' Motion for Summary Judgment and granted Defendant's Motion for Summary Judgment, in part, on Plaintiffs' Third Claim for Relief seeking a declaratory judgment that the covenant not-to-compete was unenforceable. The Court also denied Plaintiffs' Motion for Summary Judgment on Defendant's First Counterclaim for breach of contract. Having concluded that the restrictive covenant was enforceable as revised, the Court also dismissed Defendant's Second Counterclaim for unjust enrichment, which sought recoupment of the payments made as consideration for the covenant, as moot.[4]

5.     On March 18, 2016, the North Carolina Supreme Court issued its decision in *Beverage Systems*, reversing the court of appeals. The supreme court agreed with the court

---

[1] Pls. Br. Supp. Mot. Summ. J., pp. 26-27; Pls.' Reply Br. Supp. Mot. Summ. J., pp. 12-13.
[2] *Campbell Oil Co. v. AmeriGas Propane, LP*, 2016 NCBC LEXIS 6, *50 (N.C. Super. Ct. Jan. 15, 2016).
[3] *See id.* at ** 50-54.
[4] *Id.* at *54.

of appeals that the covenant in that case was overbroad and unenforceable as written, but held that a trial court does not have the power to rewrite an unenforceable covenant not-to-compete even where the parties expressly provided such authority in their agreement. 2016 N.C. LEXIS 177 at *9-12. Accordingly, the supreme court held that the restrictive covenant was "unenforceable at law and cannot be saved." *Id.* at *12.

6. Given the North Carolina Supreme Court's conclusion that a court cannot modify an unenforceable covenant, even where the parties have expressly agreed on such a modification, both parties have sought revision of the Opinion.

II. ANALYSIS.

7. The parties seek revision of the Opinion pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure ("Rule(s)"), which provides that where the court issues an "order . . . which adjudicates less than all the claims" prior to entry of final judgment, the order is "subject to revision at any time before the entry of [final] judgment." Such an order is interlocutory and the decision to revise the order is "within the sound discretion of the trial court." *Charlotte-Mecklenburg Hosp. Authority v. Wachovia Bank*, 08 CVS 27739 (Mecklenburg County), Order on Motion for Reconsideration and Leave to Amend, July 26, 2010 (Tennille, J.). "Most courts will limit reconsideration of interlocutory orders to the following situations: (1) where there has been an intervening change in controlling law; (2) where there is additional evidence not previously available; or (3) where the prior decision was based on clear error or would work manifest injustice." *Id.* (citing *Akeva LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005)). Accordingly, the Court reviews the Motions to Revise under this standard.

8. Defendant concedes that the supreme court's holding in *Beverage Systems* "forecloses . . . at this time" its argument that the Court should be permitted to revise the

parties' restrictive covenant to make it enforceable,[5] and the Court concludes that an intervening change in the controlling law requires that the Court revise portions of its Opinion. Accordingly, based on its holding that the geographic scope of the covenant not-to-compete was unreasonable and unenforceable, and without the authority to rewrite the geographic scope of the restriction, the Court concludes in its discretion that Plaintiffs' Motion to Revise should be GRANTED to the extent it seeks revision of the Opinion's conclusion related to the enforceability of the covenant not-to-compete. Upon further consideration, as to Plaintiffs' Third Claim for Relief, Plaintiffs' Motion for Summary Judgment should be GRANTED, and Defendant's Motion for Summary Judgment should be DENIED.

9.     Defendant has moved the Court to revise its Opinion to reinstate Defendant's Third Counterclaim for unjust enrichment.  Defendant contends that, since the Court must now conclude that the covenant not-to-compete is unenforceable, it should be allowed to proceed with its claim seeking to recoup the amounts it paid to Plaintiffs as consideration for the covenant so as to prevent Plaintiffs from being unjustly enriched.  In response, Plaintiffs contend that the claim for unjust enrichment should not be reinstated.  Plaintiffs argue that they are entitled to summary judgment for the same reasons asserted in support of its motion for summary judgment – that "the existence of the APA, an express contract, precludes Defendant from seeking a remedy based on an implied contract."[6]  Plaintiffs also attempt to raise a number of new arguments in support of their motion to summary judgment, and argue that Defendant's claim for unjust enrichment should be not be reinstated because they would prevail on those grounds as well.[7]

---

[5] Def.'s Br. Opp. Pls.' Mot. Revise pp. 2-3.
[6] Pls.' Br. Supp. Mot. Revise p. 6.
[7] *Id.*, *passim.*

10. As a preliminary matter, the Court will consider only the argument raised by Plaintiffs in support of their motion for summary judgment. A motion pursuant to Rule 54(b) does not present a party with an opportunity to make new arguments that were not raised in support of its original motion. *See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.*, 2011 U.S. Dist. LEXIS 149809, at *10 (M.D.N.C. Dec. 30, 2011) (noting that a motion for reconsideration "is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter") (citations omitted). Rather, the grounds for a motion to revise a summary judgment order are limited to those provided above. Plaintiffs have not argued that there has been an intervening change of law or new evidence that warrants revision of the Court's Opinion regarding the unjust enrichment claim, nor that the court's decision was clear error or would result in manifest injustice. Neither have Plaintiffs shown how the intervening change in law, the Supreme Court's *Beverage Systems* decision, supports or gives rise to any of the other arguments advanced by Plaintiffs. Instead, in attempting to raise arguments that could have been raised during the Court's consideration of their motion for summary judgment, Plaintiffs simply seek an improper second bite at the summary judgment apple. Accordingly, the Court will consider only Plaintiffs argument that the unjust enrichment claim is barred by the existence of the APA.

11. In considering such an argument, the Court first notes that it is well-settled that to establish an unjust enrichment claim, a party must show that: (1) there was a measurable benefit conferred by that party on another; (2) that the benefit was not conferred officiously or gratuitously; and (3) that the benefit was consciously accepted by the other party. *See, e.g., Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988). *Accord Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co.*, 211 N.C. App. 252, 259-60, 712 S.E.2d 670, 677 (2011) *and Butler v. Butler*, __ N.C. App. __, __, 768 S.E.2d 332, 336

(2015). It is equally clear that, "[i]f there is a contract between the parties the contract governs the claim and the law will not imply a contract" through the application of the equitable doctrine of unjust enrichment. *Booe*, 322 N.C. at 570, 369 S.E.2d at 556. This limitation on the availability of an unjust enrichment claim, however, only applies where the contract between the parties covers the same subject matter as the would-be implied contract. *See Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713-14. 124 S.E.2d 905, 908 (1962) (stating that an express contract "precludes an implied contract *with reference to the same [subject] matter*") (emphasis added); *See also Atkinson v. Reikowsky*, 2013 N.C. App. LEXIS 1125, *4 (2013) (unpublished) (explaining that "the existing contract must cover 'the whole subject matter' of the dispute to preclude an unjust enrichment claim") (citation omitted).

12.     The operative question, then, is whether, following the Court's invalidation of the covenant not-to-compete, the APA can fairly be said to cover the same "subject matter" as Defendant's unjust enrichment counterclaim. If so, Defendant's unjust enrichment claim fails as a matter of law. North Carolina appellate cases provide relatively little guidance on making such a determination, but do suggest that is it a fact specific analysis, and that an unjust enrichment claim is not necessarily barred simply because it arises out of the same transaction covered by an express agreement. For example, in *Atkinson*, *supra*, the plaintiff and the defendant agreed that the plaintiff would live in a house rent free in exchange for renovating the residence. The parties did not expressly agree on who would pay for the cost of the building materials necessary to make the renovations. 2013 N.C. App. LEXIS 1125, at *1. Despite the lack of an express agreement, the plaintiff paid for the building materials for a period of time, and the defendant reimbursed the plaintiff. The plaintiff subsequently asked the defendant to enter into a written agreement to pay the plaintiff for any additional building materials needed for the renovation, but the defendant refused. *Id.* *1-2. Nevertheless, the plaintiff paid for the additional materials and later sought reimbursement

from the defendant, but the defendant did not reimburse him. The plaintiff brought suit against the defendant for, *inter alia*, breach of contract and unjust enrichment. The trial court found for the plaintiff on the unjust enrichment claim and awarded him the costs for the building materials. *Id.* at \*2. The defendant appealed, arguing that the express contract between the parties barred the plaintiff from recovering for unjust enrichment. *Id.* at \*3. The Court of Appeals affirmed the trial court, holding that, despite the existence of the parties' general agreement, the "oral contract did not address the subject matter of the conflict between the parties regarding how the materials' costs would be paid." 2013 N.C. App. LEXIS 1125, at \*\*5-6.

13.    To answer this question in the case at bar, the Court turns first to the plain language of the APA. It is undisputed that the covenant not-to-compete was contained within the written APA. Ordinarily, this would suggest that the subject matter of the unjust enrichment claim, the non-compete agreement, is covered by the terms of the APA. The facts here, however, are somewhat more complicated. The covenant not-to-compete, although contained within the APA, expressly provides that it is based on additional consideration separate from the consideration provided for the other provisions of the APA.[8] Additionally, the covenant not-to-compete contains a severability clause separate from the severability clause applicable to the APA,[9] and a separate provision for equitable remedies for breach not applicable to the other obligations in the APA.[10] The terms of the covenant not-to-compete strongly suggests that the parties intended the covenant to stand on its own, as a separate agreement from the provisions of the broader APA. In fact, even Campbell's own allegations

---

[8] APA § 8.5; *see also* § 12.10, which expressly provides for the separate tax allocation of the payments being made for the non-compete covenant.
[9] *Id.* at § 8.5(h); *see also* § 12.5
[10] *Id.* at § 8.5(d).

provide support for such a conclusion.[11] It would appear to follow, then, that once that covenant has been invalidated any dispute over the subject matter of that covenant, and the consideration exchanged for that covenant, would fall outside the subject matter of the APA.

14. More fundamentally, since the covenant not-to-compete is invalid and unenforceable, there are no other provisions in the APA that cover the subject matter of Defendant's unjust enrichment claim, and Defendant has no contractual recourse or remedy. *See Rongotes v. Pridemore*, 88 N.C. App. 363, 368, 363 S.E.2d 221, 224 (1988) (finding inapplicable the doctrine of unjust enrichment in part because the party pursuing such a theory "had an adequate remedy at law"). While Defendant could obviously not maintain an unjust enrichment claim for any dispute related to the propane tanks or the accounts receivable sold, both of which remain within the subject matter of the APA, no enforceable contract remains to govern the subject of its current unjust enrichment claim. As such, the APA does cover the "'whole subject matter' of the dispute," such that Defendant's unjust enrichment claim would be barred as a matter of law. *See Atkinson*, 2013 N.C. App. LEXIS 1125, at *4.

15. The Court concludes, in its discretion, that Defendant's Motion to Reinstate Counterclaim should be GRANTED. Upon further consideration given the intervening change in governing law noted above, Plaintiffs' Motion for Summary Judgment should be DENIED as to Defendant's Second Counterclaim, and that counterclaim should be REINSTATED.

---

[11] *See, e.g.,* Compl. ¶ 61 ("The Covenant Payments were not consideration for Plaintiffs' obligations under the APA other than the Covenant.").

THEREFORE, IT IS ORDERED that:

16. Plaintiffs' Motion to Revise Summary Judgment Order and Defendant's Motion to Reinstate Counterclaim are GRANTED. IT IS FURTHER ORDERED that, upon reconsideration:

a. Plaintiffs' Motion for Summary Judgment, filed June 1, 2015, is GRANTED as to Plaintiffs' Third Claim and Defendant's First Counterclaim.

b. Plaintiff's Motion for Summary Judgment is DENIED as to Defendant's Second Counterclaim. Defendant's Second Counterclaim is REINSTATED.

c. Defendant's Motion for Summary Judgment, also filed June 1, 2015, is DENIED as to Plaintiffs' Third Claim.

This the 8th day of July, 2016.


    /s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
  for Complex Business Cases