IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-982

Filed 20 August 2024

Mecklenburg County, No. 21-CVS-8459

MARY A. HILL, Plaintiff,

v.

RENEE P. EWING, CURTIS E. EWING, HERMAN T. EWING, NATHANIEL V. EWING, and MONICA Y. EWING, the heirs of Annie Marie Ewing, and CORA LEE BRANHAM, HERMAN BRANHAM, ROSLYN BRANHAM PAULING, LARUE BRANHAM, and LEROY BRANHAM, the heirs of Annie Branham, BRIGHT & NEAT INVESTMENT LLC, THOMAS RAY, CLARISSA JUDIT VERDUGO GAXIOLA (aka CLARISSA J. VERDUGO) AND GEOFFREY HEMENWAY, Defendants.

Appeal by plaintiff from order entered 3 April 2023 by Judge David H. Strickland in Mecklenburg County Superior Court. Heard in the Court of Appeals 16 April 2024.

*The Odom Firm, PLLC, by Thomas L. Odom, Jr., and Martha C. Odom, for plaintiff-appellant.*

*Alexander Ricks, PLLC, by Amy P. Hunt, for defendant-appellee Geoffrey Hemenway.*

DILLON, Chief Judge.

This case arises from a dispute over a parcel of land located in the Berryhill Township area of Mecklenburg County (the "Property"). Plaintiff Mary A. Hill purportedly owns a one-half interest in the Property. Until recently, the other half interest was owned by the defendants with "Branham" as their last name, who are

the heirs of Annie Branham (the "Branham Defendants").

This present appeal does not concern Plaintiff's claim regarding the true ownership in the Property. Rather, this appeal concerns her claims against an attorney, Defendant Geoffrey Hemenway (the "Defendant Attorney"), who was hired to represent the interests of the Branham Defendants. Specifically, Plaintiff brought claims against Defendant Attorney for the aiding and abetting of slander of title, champerty, and maintenance. The trial court dismissed these claims against Defendant Attorney pursuant to Rule 12(b)(6) of our Rules of Civil Procedure. Plaintiff appeals that interlocutory order. We affirm in part and reverse in part.

## I. Background

As this is an appeal from a Rule 12(b)(6) dismissal, we must assume the factual allegations of the complaint are true, but not the conclusions of law. *See Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970). The factual allegations in Plaintiff's complaint show as follows:

In 1945, Pearlie Ellison purchased the Property. In 1970, Ms. Ellison died intestate. Her two daughters, Cora Washington and Annie Branham, each inherited a one-half interest in the Property.

In 2008, Ms. Branham died, and her heirs (the "Branham Defendants") acquired her one-half interest in the Property.

In 1973, Ms. Washington died, leaving her one-half interest to her husband Herman Washington, in accordance with her will. She did not leave any interest in

the Property to her daughter Annie Marie Ewing. And neither Ms. Ewing nor *her* heirs (the "Ewing Defendants") ever acquired any interest in the Property, as Mr. Washington eventually left this half-interest to *his* daughter Plaintiff Mary Hill upon his death in 2011. During his lifetime, Mr. Washington did, however, grant an easement in the Property to Piedmont Natural Gas Company, Inc., ("Piedmont") for $95,000.00.

Accordingly, as of 2011, Mary Hill has owned a one-half interest in the Property, subject to Piedmont's easement interest; and the Branham Defendants owned the other one-half interest in the Property.

For a number of years, up through 2020, Mr. Washington—and then his daughter (Plaintiff) after his death—paid the ad valorem taxes on the Property.

In early 2020, Defendant Thomas Ray, the owner of Defendant Bright & Neat Investment LLC, contacted the Branham Defendants and Ewing Defendants, "advising them that they had claims against [Plaintiff and Piedmont] and he would assist them with money and pay for an attorney to prosecute alleged claims against [Plaintiff and Piedmont] and they would divide the recovery of any money, with Defendant Ray receiving 25%."

Defendant Ray hired the Defendant Attorney to assist him in his efforts to help the Branham Defendants and the Ewing Defendants. The Defendant Attorney prepared a non-warranty deed, with no title examination, wherein the Ewing Defendants and the Branham Defendants granted to themselves and each other the

Property, making no mention in the deed to Plaintiff's interest in the Property. Plaintiff alleges that Defendant Attorney prepared the deed in this way, even though he was well aware of Plaintiff's interest in the Property.

In any event, the Ewing defendants and Branham Defendants executed the deed, and Defendant Attorney recorded the deed.

Shortly thereafter, Defendant Attorney prepared multiple letters that were sent to Plaintiff and Piedmont in which he claimed to be representing the Branham Defendants and the Ewing Defendants.

In November 2020, the Ewing Defendants and the Branham Defendants executed a document purportedly granting Piedmont an easement on the Property in exchange for $12,000. This money was split among the Branham Defendants and Ewing Defendants, with $3,000 going to Defendant Ray as his 25% facilitation fee.[1]

Plaintiff commenced this action, stating claims against Defendant Ray for champerty, maintenance, and slander of title. She also brought claims against Defendant Attorney for aiding and abetting Defendant Ray's tortious acts.

The trial court dismissed Plaintiff's claims against Defendant Attorney pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiff appeals.

---

[1] In August 2021, the Branham Defendants deeded their "1/2 interest" in the Property to Defendant Bright & Neal (Defendant Ray's LLC) pursuant to a non-warranty deed. Defendant Bright & Neat now claims to own a one-half interest in the Property as tenants in common with Plaintiff. Defendant Ray and/or Defendant Clarissa Verdugo own all of the ownership interest in Bright & Neat.

## II.    Appellate Jurisdiction

The trial court determined the dismissal to be a final judgment as to Defendant Attorney and certified there was no just reason for delay, thus allowing for immediate appeal to our Court. *See* N.C. Gen. Stat. § 1A-1, Rule 54 (2023).

## III.    Analysis

On appeal, our Court reviews *de novo* a trial court's ruling on a motion to dismiss under Rule 12(b)(6). We must determine "whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Thompson v. Waters*, 351 N.C. 462, 463, 526 S.E.2d 650, 650 (2000).

Plaintiff first alleges that Defendant Attorney aided and abetted Defendant Ray in his alleged violations of champerty and maintenance.

Maintenance is "an officious intermeddling in a suit which belongs to one, by maintaining or assisting either party with money or otherwise to prosecute or defend it," and champerty is a type of maintenance "whereby a stranger makes a bargain with a plaintiff or defendant to divide the land or other matter sued for between them if they prevail at law, whereupon the champertor is to carry on the party's suit at his own expense." *Smith v. Hartsell*, 150 N.C. 71, 76, 63 S.E. 172, 174 (1908).

In her complaint, Plaintiff alleges that Defendant Ray notified the Ewing Defendants and the Branham Defendants about potential claims they had against Plaintiff, that he told them he would pay for the prosecution of those claims, that he

would receive 25% of any money recovered from the prosecution of those claims, that he engaged Defendant Attorney to pursue those claims, and that Defendant Attorney indeed engaged in legal work in the pursuit of those claims. Based on the notice pleading requirements under our Rules of Civil Procedure, *see, e.g., New Hanover Cnty. Bd. of Educ. v. Stein*, 380 N.C. 94, 106, 868 S.E.2d 5, 14 (2022), we conclude Plaintiff sufficiently alleged claims against Defendant Attorney for aiding and abetting Defendant Ray's alleged conduct involving champerty and maintenance. Thus, we conclude the trial court erred in dismissing Plaintiff's complaint against Defendant Attorney as to those claims.

Plaintiff next alleges that Defendant Attorney aided and abetted Defendant Ray in his alleged slander of title. For the reasoning below, we conclude that Plaintiff failed to allege a claim for slander of title and, accordingly, that the trial court properly dismissed Plaintiff's claim against Defendant Attorney for aiding and abetting Defendant Ray in his alleged slander of title.

"The elements of slander of title are: (1) the uttering of slanderous words in regard to the title of someone's property; (2) the falsity of the words; (3) malice; and (4) *special damages*." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 30, 588 S.E.2d 20, 28 (2003) (emphasis added).

Our Supreme Court has instructed that "the gist of [a slander of title claim] is the special damages sustained." *Cardon v. McConnell*, 120 N.C. 461, 462, 461, 27 S.E. 109, 109 (1897). Regarding "special damages," that Court has stated that

"general damages are such as might accrue to any person similarly injured, while special damages are such as did in fact accrue to a particular individual by reason of the particular circumstances of the case." *Penner v. Elliott*, 225 N.C. 33, 35, 33 S.E.2d 124, 126 (1945).

Our General Assembly has provided in our Rules of Civil Procedure that "[w]hen items of special damages are claimed[,] each shall be averred." N.C. Gen. Stat. § 1A-1, Rule 9(g) (2023).

Citing that Rule, our Supreme Court has determined that where special damages is an element of a cause of action, the plaintiff *must* allege facts showing how (s)he suffered special damages; otherwise, the complaint is subject to dismissal under Rule 12(b)(6):

> [D]espite the liberal nature of the concept of notice pleading, a complaint must nonetheless state enough to give substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12(b)(6).
>
> Moreover [Rule] 9(g) requires that when items of special damages are claimed, each shall be averred. Thus, where the special damage is an integral part of the claim for relief, its insufficient allegation could provide the basis for dismissal under Rule 12(b)(6).

*Stanback v. Stanback*, 297 N.C. 181, 204, 254 S.E.2d 611, 626 (1979) (internal marks omitted).

Indeed, in *Cardon*, our Supreme Court instructed that unless a plaintiff seeking damages for slander of title can show how he suffered special damages from

- 7 -

the false/malicious statements of the defendant, "he cannot maintain the action." *Cardon*, 120 N.C. at 462, 27 S.E. at 109. *See also Ringgold v. Land*, 212 N.C. 369, 371, 193 S.E.2d 267 (1937) (concluding that a complaint seeking damages for slander *per quod* which fails to allege facts showing special damages is properly dismissed).[2]

In *Stanback*, for instance, our Supreme Court held that mere allegations that the plaintiff had to pay attorneys to challenge the false statements of the defendant and that the plaintiff suffered a certain dollar amount of special damages, without more, are inadequate. *Stanback*, 297 N.C. at 204, 254 S.E.2d at 626. Specifically, in that case, the Court held that dismissal was proper for failure to allege special damages where the plaintiff alleged that she "has been damaged in that in that she has incurred expenses in defending said claim and has suffered embarrassment, humiliation, and mental anguish in the amount of $100,000.00." *Id.*

Accordingly, it is incumbent on a plaintiff seeking damages for slander of title to allege in her complaint how she suffered special damages. That is, it is not enough simply to allege generally that she was damaged because of the false and malicious statements contained in the deed made regarding her interest in the Property or that she hired an attorney to challenge the false statements. For instance, in *Cardon*, our

---

[2] Our Court, likewise, has held that where special damages is an element of a cause of action, the failure to allege facts showing special damages subjects the complaint to dismissal. *See Casper v. Chatham Cnty.*, 186 N.C. App. 456, 651 S.E.2d 299 (2007) (dismissal of petition by landowners challenging special use permit granted to a neighbor was proper where landowners failed to allege how they suffered special damages); *Donvan v. Fiumara*, 114 N.C. App. 524, 527, 442 S.E.2d 572, 574 (1994) (complaint for slander *per quod* properly dismissed where plaintiff failed to allege special damages).

Supreme Court held that the plaintiff suffered special damages for a slander of title where the plaintiff showed that the defendant interfered in the plaintiff's attempt to sell the property, with evidence that the defendant had falsely claimed to a prospective buyer that the plaintiff did not own the property, thereby causing the sale to fall through. 120 N.C. at 461, 27 S.E. at 109.

Here, Plaintiff has not alleged facts showing special damages suffered. She simply alleges that she suffered damages in excess of $25,000 by Defendants' actions associated with false statements concerning the Property's title and has incurred expenses in hiring an attorney. Plaintiff has alleged that some of the Defendants split proceeds from the sale of an easement to Piedmont in 2020. However, she does not allege how she suffered special damages from that sale. That sale did not affect Plaintiff's interest in the Property, as a proper title search would have revealed Plaintiff's one-half interest and Plaintiff did not join in that 2020 transaction. Accordingly, her record interest was not affected by that sale. Also, Plaintiff's father (Mr. Washington) had already sold easement rights to Piedmont before his death—though he owned only a one-half interest in the Property.

In sum, since Plaintiff has not alleged facts showing special damages – an essential element of slander of title – we conclude the trial court properly dismissed Plaintiff's claims against Defendant Attorney associated with slander of title.

IV. Conclusion

- 9 -

We reverse the trial court's dismissal of Plaintiff's claims against the Defendant Attorney alleging aiding and abetting the torts of champerty and maintenance. However, we affirm the trial court's dismissal of her claim against Defendant Attorney alleging slander of title and aiding and abetting slander of title. We remand for further proceedings consistent with this opinion on Plaintiff's surviving claims.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Judges TYSON and GRIFFIN concur.